**MARK BRNOVICH**
**ATTORNEY GENERAL**
(Firm State Bar No. 14000)
ORAMEL H. (O.H.) SKINNER (NO. 32891)
BRUNN (BEAU) W. ROYSDEN III (NO. 28698)
RICHARD L. BAEK (NO. 25256)
   *Assistant Attorneys General*
OFFICE OF THE ARIZONA ATTORNEY GENERAL
1275 West Washington Street
Phoenix, Arizona 85007-2997
Telephone: (602) 542-8327
Facsimile: (602) 542-4377
O.H.Skinner@azag.gov
Beau.Roysden@azag.gov
Richard.Baek@azag.gov

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| ARIZONA ATTORNEYS FOR CRIMINAL JUSTICE; *et al.*, <br><br> Plaintiffs, <br> v. <br> MARK BRNOVICH, in his official capacity as Attorney General of the State of Arizona, <br><br> Defendant. | Case No.: 2:17-cv-01422-SPL <br><br> **DEFENDANT'S 1) RESPONSE IN PARTIAL OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD (DKT. 110) AND 2) CROSS-MOTION TO SUPPLEMENT DEFENDANT'S MOTION TO DISMISS** |

# INTRODUCTION

This Court should grant in part and deny in part Plaintiffs' Motion to Supplement. Defendant does not oppose Plaintiffs' request to supplement their Response to the Motion to Dismiss. And Defendant cross-moves and offers its own supplementation with this Response to aid the Court in determining jurisdiction (if it permits supplementation). Separately, Defendant opposes Plaintiffs' request to supplement the Motion for Preliminary Injunction because it is an inefficient, incomplete, and unhelpful way to provide the Court with such material if the Court reaches that motion.

*First*, Plaintiffs' supplementation changes nothing about the several grounds on which this Court must dismiss for lack of jurisdiction. *See* Dkts. 31, 52. This case is about a challenge to the procedure for contacting crime victims after criminal proceedings have begun in Arizona state court. Under A.R.S. §§ 13-4433(B) and 13-4401(9), once a defendant has been charged by complaint, indictment, or information, the defense team must send requests to initiate contact with crime victims to the prosecutor's office, which must promptly notify victims of those requests. Crime victims may consent to such contact and also independently contact the defense (even absent a prior defense request). Plaintiffs' attempted end-run around state court here is improper. Plaintiffs can—and must—bring their challenge to this procedure in state court, where the judge presiding over the criminal proceeding that triggers § 13-4433(B) can promptly rule on it. (And, of course, any such ruling can ultimately be appealed.) The Complaint also contains fatal defects with redressability, traceability, and Rule 19, among other requirements.

*Second*, if the Court reaches the Motion for Preliminary Injunction (rather than simply dismissing), it should order the parties to jointly submit, by a date certain, lists of proposed witnesses and/or declarations and deposition designations, as well as proposed exhibits (including stipulations to authenticity and admissibility). Plaintiffs requested an evidentiary hearing on their Motion for Preliminary Injunction (*see* Dkt. 47), and their one-sided—and incomplete[1]—potshot at supplementation of the preliminary injunction record should be denied.

---

[1] As but one example, Plaintiffs disclosed three purported expert witnesses, which the Parties went through the costs of deposing. Yet Plaintiffs offer nothing from those witnesses here.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed their Complaint and Motion for Preliminary Injunction on May 8 and 11, 2017. Dkts. 1, 11.[2] The Motion for Preliminary Injunction had no supporting declarations or exhibits. *See* Dkt. 11. Defendant filed a Motion to Dismiss and Response to Motion for Preliminary Injunction on June 27, 2017. Dkts. 31, 32. Proposed Intervenors also filed a Proposed Response to the Motion for Preliminary Injunction. Dkt. 37. Multiple amicus briefs were filed in support of Defendant. Dkts. 38, 40, 41. Plaintiffs filed their Response to Motion to Dismiss and Reply in Support of Motion for Preliminary Injunction on July 31, 2017. Dkts. 46, 47. Defendant filed a Reply in Support of Motion to Dismiss on August 14, 2017. Dkt. 52. While also contained elsewhere in the record, Defendant's jurisdictional arguments are concisely set forth in that Reply (Dkt. 52 at 2-9), and its merits arguments are set forth in its Response to the Motion for Preliminary Injunction (Dkt. 32 at 13-28). As of February 21, the parties have completed all discovery (which was fulsome), with the possible exception of discovery related solely to Proposed Intervenors. *See* Dkt. 104. At this stage, the most logical next step is for the Court to issue a decision on the pending Motion to Dismiss and Motion to Intervene. And if the Court does reach the Motion for Preliminary Injunction, set a date for a hearing on the motion, providing the parties the time to coherently provide pertinent additional materials from the discovery process through jointly submitted lists of proposed witnesses and/or declarations and deposition designations, as well as proposed exhibits (including stipulations to authenticity and admissibility).

**ARGUMENT**

**I.   THE MOTION TO SUPPLEMENT DOES NOT RELATE TO MOST OF THE JURISDICTIONAL GROUNDS FOR DISMISSAL**

   **A.   *YOUNGER* ABSTENTION**

Defendant's Motion to Dismiss and Reply demonstrated that the four elements of *Younger* abstention are met, and the Motion to Supplement does not challenge any of those elements. Dkt. 31 at 5-8; Dkt. 52 at 2-5. Section 13-4433(B) ***only*** applies after a state court

---

[2] All Dkt. pin cites are to the page number listed on the blue CM/ECF header.

2

criminal proceeding commences, and then ***only*** to the manner in which persons involved in that proceeding may contact crime victims. There are hundreds (if not thousands) of ongoing Arizona state court criminal proceedings in which § 13-4433(B) presently applies and in which defense counsel is free to challenge § 13-4433(B) on First Amendment grounds. *E.g.*, Dkt. 52 at 2. Plaintiffs' Complaint is an improper end-run around the Arizona state courts in which such a challenge must be brought.

Discovery has only confirmed that *Younger* abstention is required here. With respect to Plaintiffs' specific challenges to the first and third *Younger* elements—*i.e.* whether Plaintiffs must be actual parties in the state proceedings and whether as non-parties Plaintiffs are barred from litigating their speech rights in those proceedings—discovery has shown that Plaintiffs can advance challenges, including their First Amendment challenges, to § 13-4433(B) in state criminal cases. One Plaintiff admitted that he is counsel in a state case where a constitutional challenge is being brought (on due process grounds) to § 13-4433(B). Canby 49:4-9.[3] And no Plaintiff has rebutted the patent fact that First Amendment challenges to § 13-4433(B) have previously been brought in state criminal proceedings. Canby 27:8-14; Canby 30:18-31:22; Canby 49:4-51:12; Randall 46:23-47:3; Dupont 103:21-24; Dupont Ex. 21. Indeed, Plaintiffs are not barred from bringing their claim in the state proceedings because the First Amendment rights of criminal defendants and their attorneys are intertwined. Dkt. 31 at 7; *see also* Dkt. 52 at 3 & n.1. And Plaintiffs have affirmed that in speaking to crime victims in connection with ongoing state court criminal proceedings, they are doing so to advance the interests of their criminal defense clients.[4] Even if Plaintiffs' and their respective clients' interests were not intertwined, Arizona state courts permit the assertion of third-party rights in First Amendment challenges. Dkt. 31 at 7 n.6 (citing *State v. Jones*, 177 Ariz. 94, 96 (App. 1993) (permitting

---

[3] All transcript citations are to the pertinent deposition transcript excerpts attached to the accompanying Declaration of Brunn W. Roysden III.

[4] Canby 21: 23-22:11; Canby 89:7-25; Randall 17:14-16; Randall 31:4-14; Randall 32:1-18; Robertson 22:12-23:1; Robertson 43:2-7; Kalman 27:11-28:9; Kalman 75:19-76:8; Lougee 42:14-17; Lougee 50:17-51:10; Lougee 77:12-18; Lougee 94:16-95:5; Lougee 95:7-15; Dupont 110:15-19; Dupont 111:7-16; Kirchler 32:8-21.

defendant to bring overbreadth challenge based on statute's application to third parties)); *see also Jones*, 177 Ariz. at 99 ("[E]ven though a statute … may be constitutionally applied to the activities of a particular defendant, that defendant may challenge it on the basis of overbreadth if it is so drawn as to sweep within its ambit protected speech or expression of other persons not before the Court."). In other words, a simple motion by a criminal defendant to directly contact a victim (or permit his defense attorney or investigator to directly contact a victim on his behalf) can argue that § 13-4433(B) is unconstitutional because it is overbroad insofar as it infringes the First Amendment rights of the defense attorney or investigator. *See Jones*, 177 Ariz. at 99. Finally, declining to abstain on this ground requires a high showing—"abstention is appropriate unless state law clearly bars the interposition of the constitutional claims." *Moore v. Sims*, 442 U.S. 415, 425-26 (1979); *see also Gilbertson v. Albright*, 381 F.3d 965, 972 (9th Cir. 2004) (en banc). Here, the opposite is true: state law *permits* such claims.

The other two elements of *Younger* abstention are also met. As noted in the Reply, the second element is not at issue because criminal prosecutions are the "paradigm" cases for such abstention. Dkt. 52 at 3. And as to the fourth element—whether relief here would have the effect of enjoining state proceedings—Plaintiffs' challenge to § 13-4433(B) is indistinguishable from challenges to state criminal discovery rules, where *Younger* abstention is required even though it would not enjoin the entire state prosecution. *See, e.g.*, Dkt. 52 at 4; *Dubinka v. Judges of Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994) (abstaining under *Younger* in constitutional challenge to state criminal discovery statute).[5] Here, AACJ testified that potentially a thousand different criminal proceedings are implicated in this case, some of which have been pending for over a year. Kalman 49:24-50:21. Plaintiffs also testified that their

---

[5] Challenges to criminal discovery rules have been expressly distinguished from challenges to pre-trial bail. *Lopez-Valenzuela v. Maricopa Cty.*, No. CV 08-660-PHX-SRB, 2008 WL 11297401, at *5 (D. Ariz. Dec. 9, 2008) ("[T]he law being challenged [in *Dubinka*] was a California state law requiring reciprocal discovery in criminal cases. Discovery, unlike pre-trial bail determinations, could have an effect on the underlying trial on the merits, so the exception in *Gerstein* [to *Younger* abstention] does not squarely apply …."). For this same reason, the recent Ninth Circuit bail decision, *Arevalo v. Hennessy*, is inapposite. --- F.3d ---, 2018 WL 794530, at *2 (9th Cir. Feb. 9, 2018) (noting case involved bail challenge and citing *Gerstein*).

4

purpose in contacting crime victims relates to their representation of criminal defendants in individual cases. *See* note 4, *supra*. Plaintiffs further confirmed that when contacting crime victims, they are speaking in part to further their clients' interests in their pending criminal cases, including in hopes of obtaining informal discovery or other evidence. Kirchler 32:8-21; Canby 21:23-22:11; Canby 89:7-25; Kalman 75:19-76:8; Lougee 50:17-51:10; Lougee 95:7-15; Dupont 111:7-16. They also confirmed that they have no plans to initiate direct contact with a crime victim in a case where they represent a defendant other than to engage in communications related to that case, and they do not initiate direct contact with crime victims in cases in which they do not represent a pertinent criminal defendant. Canby 43:17-23; Lougee 50:17-51:10; Lougee 51:12-17; Robertson 46:12-15; Kirchler 34:23-35:1. In sum, discovery in this case has shown that § 13-4433(B) is analogous to a state court criminal discovery rule for purposes of *Younger* abstention, and such abstention is therefore required. *See Dubinka*, 23 F.3d at 223.

### B.   LACK OF STANDING BASED ON REDRESSABILITY AND TRACEABILITY

Plaintiffs' Motion to Supplement also does not challenge the second chief jurisdictional basis for dismissal—lack of standing based on redressability and traceability. A favorable ruling would not redress Plaintiffs alleged injury because Arizona Rule of Criminal Procedure 39(b)(11)[6] imposes a materially identical requirement, and Plaintiffs' alleged injury (chilling of speech) is not fairly traceable to Defendant given that multiple independent parties also have the ability to enforce (or seek enforcement of) § 13-4433(B).

**1.   There is no redressability here because there is a materially identical court rule—Arizona Rule of Criminal Procedure 39(b)(11)—that Plaintiffs have not challenged**

Plaintiffs do not challenge Arizona Rule of Criminal Procedure 39(b)(11), which contains a materially identical provision to § 13-4433(B) and therefore imposes a materially identical requirement on Plaintiffs. To the extent Plaintiffs allege that § 13-4433(B) chills their speech, they must believe that Rule 39(b)(11) does too. And when two separate but materially identical provisions are allegedly injuring a plaintiff, the plaintiff must challenge both in order to have

---

[6]   In 2018, this provision was renumbered to 39(b)(12) and re-styled without material change.

5

standing. *See* Dkt. 52 at 7 (citing *Nuclear Info. & Res. Servs. v. Nuclear Regulatory Comm'n*, 457 F.3d 941, 955 (9th Cir. 2006)).

Discovery has only confirmed that dismissal is required on this basis. Two Plaintiffs actually thought they were challenging Rule 39(b)(11) in this action. Canby 35:6-36:8; Lougee 36:2-12. And Plaintiffs freely admitted that they would *not* directly contact a victim until Rule 39(b)(11) was also declared unconstitutional or otherwise nullified. Kirchler 23:4-11; Robertson 41:13-25; Canby 35:6-36:8; Randall 31:4-14; Randall 74:20-76:4; Lougee 36:14-19; Dupont 35:11-18. Plaintiffs have no answer to this fatal flaw. Their Complaint must be dismissed for lack of standing based on redressability.[7]

### 2. There is also no traceability here because a defense team's violation of § 13-4433(B) can be pursued by state court judges, the Arizona State Bar, and victims, all without any involvement of the prosecutor

Moreover, nothing in the Motion to Supplement addresses the fact that victims could bring any violations of § 13-4433(B) directly to the attention of state court judges and/or the State Bar. Dkt. 31 at 10; Dkt. 52 at 7-8. And further, nothing in the Request addresses that the State Judges and/or State Bar could take any appropriate action for violation of § 13-4433(B) without being notified by the prosecutor. Dkt. 52 at 7-8. Again, Plaintiffs' own admissions have confirmed this state of affairs. Kalman 78:13-16; Lougee 52:16-55:1; Lougee 91:6-9. Because prosecutors are not necessary for pursuing sanctions for violations of § 13-4433(B), there is no traceability here, which means this fatally incomplete action cannot proceed.[8]

### C. DISMISSAL UNDER RULE 19 FOR FAILURE TO NAME NECESSARY PARTIES

As with the other bases for dismissal discussed above, Plaintiffs' Motion to Supplement also says nothing about a fourth fatal problem with their complaint—the Court cannot accord

---

[7] Indeed, at least one Plaintiff noted that his future actions would depend on how the particular state court judge in a pertinent criminal representation interpreted any ruling in this case, further showing why *Younger* abstention is directly implicated here. *E.g.*, Randall 75:18-76:4.

[8] In seeking to supplement the record as to traceability as it relates to county prosecutors (Dkt. 110 at 2), Plaintiffs miss the key issue. Defendant is not arguing that there is no traceability because of other prosecutors; rather Defendant is arguing no traceability because victims, state judges, and the state bar can all enforce (or seek to enforce) § 13-4433(B) *independent* of prosecutors. *See* page 7, *infra*.

6

1  complete relief here absent joinder of the Arizona State Bar and state-court judges. Dkt. 31 at
2  13; Dkt. 52 at 8. As discussed above and in Defendants dismissal papers, the State Bar and state
3  court judges can continue to enforce § 13-4433(b) the requirements of Rule 39(b)(11) regardless
4  of how the Court rules here, given that the Court can only enjoin enforcement of the Statute by
5  the parties before it, and cannot conclusively void a state statute in an opinion that would bind
6  state courts. Dkt. 52 at 8. Plaintiffs' admissions in their depositions have only confirmed this.
7  *E.g.*, Lougee 56:10-15; Lougee 57:24-58:4.

8  Plaintiffs' Motion to Supplement does claim that Defendant can somehow order elected
9  county attorneys and/or city prosecutors not to bring violations of 13-4433(B) to the attention of
10 state and city judges, but this claim both misses the point and lacks support. (Dkt 110 at 3). The
11 claim completely misses the point because Defendant has never challenged that he is a proper
12 party; instead Defendant is challenging that he alone is an adequate party to accord complete
13 relief and sustain this action. As Defendant has explained here and elsewhere, others, including
14 state court judges and the Arizona State Bar are not named here and yet are crucial elements of
15 the alleged harm Plaintiffs purportedly face as well as the full redress Plaintiffs must obtain in
16 order to remedy this purported harm. Dkt. 31 at 13; Dkt. 52 at 8. Whether other prosecutors
17 are able to be compelled through this action to alter their enforcement and assurance of victim's
18 rights provisions simply doesn't matter for Defendant's Rule 19 jurisdictional argument.
19 Moreover, Plaintiffs are wrong about the Defendant's power to order around county and local
20 prosecutors—the fact that Defendant's Office of Victims' Services conducts audits, provides
21 training, and serves as a resource for other prosecutors and the victim's services units within
22 other prosecutorial officers is fundamentally disconnected from the ability of the Defendant to
23 order, mandate, or otherwise compel other prosecutor's offices in the state to not to bring the
24 attention of the State Bar or state court judges violations of § 13-4433(B) of which those
25 prosecutors are aware.
26 //
27 //
28 //

## II. DISMISSAL IS STILL APPROPRIATE EVEN AS TO THE JURISDICTIONAL GROUNDS TO WHICH PLAINTIFFS' MOTION TO SUPPLEMENT RELATES

### A. DISCOVERY HAS CONFIRMED THE LACK OF STANDING BASED ON NO CREDIBLE THREAT OF PROSECUTION

Plaintiffs' Motion to Supplement highlights substantial discovery in this case relating to theoretical enforcement of § 13-4433(B) by the State Bar or state court judges, but includes no reference to or evidence of a threat of prosecution by the Defendant or consequences for Plaintiffs beyond an admonition (whether by a prosecutor or a presiding judge in a state court criminal proceeding) to comply with the requirements of § 13-4433(B). Indeed, the testimony of Paul Ahler, Defendant's Criminal Chief Counsel, confirms that absent extraordinary circumstances well beyond the contours of a simple violation of § 13-4433(B), a prosecutor from Defendant's Office, when faced with a violation of § 13-4433(B), would have a conversation with the criminal defense attorney regarding the violation or, at most, take action by bringing the violation to the attention of the judge presiding in the particular state court criminal case. *E.g.*, Ahler 49:13-50:25. This does not constitute support for a credible threat of prosecution sufficient to provide standing and sustain this action, especially given the lack of any identification of a state court judge taking any action against a criminal defense team member for a mere violation of § 13-4433(B) upon being notified of a violation.

Moreover, critical factors confirmed in discovery bolster the points already presented by Defendant, Dkt. 31 at 10-11; Dkt. 52 at 5-6, in explaining that the fact patterns laid out by Plaintiffs as a purported threat of prosecution cannot sustain this action. Plaintiffs testified that their victim contact plan (to the extent that have one) is simply to initiate direct contact crime victims and identify themselves as defense team members. Kirchler 59:9-17; Canby 91:6-92:12; Lougee 96:9-21; Dupont 112:15-18; Robertson 58:24-59:8. And there is no threat of prosecution for such conduct—§ 13-4433(B) provides no penalty for its violation, and there is no record of the Attorney General prosecuting or threatening to prosecute a criminal defense team member for a mere violation of § 13-4433(B). As confirmed by Mr. Ahler, the Attorney Defendant's Office's response to a mere violation of § 13-4433(B)—if it went beyond simply talking to the defense attorney—would be either to notify the judge presiding in the case or to

notify the state bar. *E.g.*, Ahler 49:13-50:25. But there is no record of professional discipline in such a circumstance, much less judicial sanction. Robertson 49:4-50:5; Robertson 53:17-54:15; Kirchler 48:5-14; Randall 81:22-82:18; Canby 57:24-58:5; Canby 58:13-20; Canby 84:15-22; Kalman 54:18-55:25; Kalman 63:2-8; Lougee 67:6-15. Not to mention that the process outlined by Mr. Ahler for responding to a violation of § 13-4433(B) further underlines precisely why *Younger* abstention and dismissal under Rule 19 is required—state court judges and the state bar have not been named here and cannot be reached by any relief imposed in this case.[9]

### B.   LACK OF STANDING BASED ON NO CONCRETE PLAN TO VIOLATE THE STATUTE

There are fatal problems with Plaintiffs' purported concrete plan to violate § 13-4433(B). Two Plaintiffs do not have any cases in which they would presently initiate contact with victims. Robertson 45:24-46:3; Kirchler 24:2-25:9. Two Plaintiffs openly testified to their lack of any actual plan to contact a particular victim. Lougee 94:16-22; Robertson 57:13-21. Other Plaintiffs would not identify any specific cases in which they were involved and might initiated direct contact with a crime victim, citing ER 1.6 concerns. *E.g.*, Dupont 110:15-111:6; Randall 15:24-16:1. And the AACJ 30(b)(6) designee could not provide any information about the plans of the non-plaintiffs for whom it attached affidavits. Consequently, AACJ cannot assert standing based on its members' alleged plans. Kalman 98:19-101:16.

Moreover, Plaintiffs all confirmed that unless Arizona Rule of Criminal Procedure 39(b)(11) was declared unconstitutional—something they do not challenge in this case—they would not be free to initiate contact pursuant to any undisclosed plan they might have. *See* Part I(B)(1). Indeed one Plaintiff has admitted that his future actions would depend on what the state court judge does in the particular case given any favorable ruling from this Court on Plaintiffs challenge to § 13-4433(B). Randall 74:20-76:4.

---

[9] Plaintiffs' citation and improper extended argument (at Dkt. 102) regarding *Italian Colors Restaurant v. Becerra*, 878 F.3d 1165 (9th Cir. 2018) is inapposite. The instant case is not a pre-enforcement challenge. It is a challenge to a twenty-five-year old statute. Therefore, this Court has a multi-decade enforcement history with which to determine whether there is a credible threat of prosecution. And Plaintiffs' do not even provide their plan, much less an explanation for how any enforcement against them would not be bound up with pending judicial proceedings in state court.

9

### III. PLAINTIFFS' REQUESTED SUPPLEMENTATION OF THE PRELIMINARY INJUNCTION RECORD SHOULD BE DENIED

If the Court reaches the Motion for Preliminary Injunction (rather than just granting the Motion to Dismiss), it should order the parties to jointly submit lists of proposed witnesses and/or declarations and deposition designations, as well as proposed exhibits (including stipulations to authenticity and admissibility). Plaintiffs' initially failed to attach *any* exhibits whatsoever to their Motion for Preliminary Injunction, and this stark failing is sufficient grounds for denying that Motion. Dkt. 32 at 11. However, the Parties met and conferred and submitted a schedule for discovery to the Court, which was granted. Plaintiffs also expressly requested an evidentiary hearing on their Motion for Preliminary Injunction. *See* Dkt. 47 at 1. As of February 21, the Parties completed all discovery, with the exception of possible depositions of Proposed Intervenors. *See* Dkt. 104. The discovery is voluminous, consisting of numerous depositions, thousands of pages of documents, and written discovery responses. The proper way for the parties to supplement the record at this stage is jointly, as discussed above.

### CONCLUSION

The Court should grant both Plaintiffs' and Defendant's requests to supplement regarding the Motion to Dismiss. Further, the Court should deny Plaintiffs' request to supplement regarding the Motion for Preliminary Injunction and instead—if it reaches that motion—order the Parties to jointly prepare lists of proposed witnesses and/or declarations and deposition designations, as well as proposed exhibits (including stipulations to authenticity and admissibility) by a date certain.

RESPECTFULLY SUBMITTED this 2nd day of March 2018.

    MARK BRNOVICH
    ATTORNEY GENERAL

    */s/ Oramel H. (O.H.) Skinner*
    Oramel H. (O.H.) Skinner (No. 32891)
    Brunn (Beau) W. Roysden III (No. 28698)
    Richard L. Baek (No. 025256)
      Assistant Attorneys General
    1275 W. Washington Street
    Phoenix, AZ  85007
    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of March, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Arizona using the CM/ECF filing system.  Counsel for all parties are registered CM/ECF users and will be served by the CM/ECF system pursuant to the notice of electronic filing.

    /s/  Oramel H. (O.H.) Skinner
Oramel H. (O.H.) Skinner
OFFICE OF THE ARIZONA
   ATTORNEY GENERAL
1275 West Washington Street
Phoenix, Arizona 85007
(602) 542-5025