**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Attorneys for Criminal Justice, et al.,<br><br>               Plaintiffs,<br><br>vs.<br><br>Doug Ducey, et al.,<br><br>               Defendants. | No. CV-17-01422-PHX-SPL<br><br>**ORDER** |

In 1990, voters approved an amendment to the Arizona constitution, the Victims' Bill of Rights ("VBR"), which grants crime victims twelve enumerated rights designed "[t]o preserve and protect [their] rights to justice and due process." Ariz. Const. art. II, § 2.1(A). In 1991, Arizona enacted the Victims' Rights Implementation Act ("VRIA"), a set of statutory amendments implementing the VBR. 1991 Ariz. Sess. Laws Ch. 229 (H.B. 2412) (codified at Ariz. Rev. Stat. §§ 13-4401 to 4442). Among those statutes includes Arizona Revised Statute § 13-4433, which implements a victim's right under the VBR to refuse an interview. *See* Ariz. Const. art. II, § 2.1(A)(5). The statute reads in relevant part:

> A. Unless the victim consents, the victim shall not be compelled to submit to an interview on any matter, including any charged criminal offense witnessed by the victim and that occurred on the same occasion as the offense against the victim, or filed in the same indictment or information or consolidated for trial, that is conducted by the defendant, the defendant's attorney or an agent of the defendant.

> B. The defendant, the defendant's attorney or an agent of the defendant shall only initiate contact with the victim through the prosecutor's office. The prosecutor's office shall promptly inform the victim of the defendant's request for an interview and shall advise the victim of the victim's right to refuse the interview.
>
> C. The prosecutor shall not be required to forward any correspondence from the defendant, the defendant's attorney or an agent of the defendant to the victim or the victim's representative.
>
> D. If the victim consents to an interview, the prosecutor's office shall inform the defendant, the defendant's attorney or an agent of the defendant of the time and place the victim has selected for the interview... The victim has the right to terminate the interview at any time or to refuse to answer any question during the interview. The prosecutor has standing at the request of the victim to protect the victim from harassment, intimidation or abuse and, pursuant to that standing, may seek any appropriate protective court order.

Ariz. Rev. Stat. § 13-4433(A)-(D).

On May 8, 2017, Plaintiffs, individual criminal-defense lawyers, investigators, and non-profit organization Arizona Attorneys for Criminal Justice, filed a complaint challenging the constitutionality of Ariz. Rev. Stat. § 13-4433(B), which prohibits the defense from initiating contact with a victim. (Doc. 1 ¶ 1, 16-23.) They allege that "[c]riminal-defense lawyers and investigators have been subjected to professional discipline and criminal charges for alleged violations of A.R.S. § 13-4433(B), and these adverse actions against members of the criminal-defense community have chilled constitutionally protected speech and hindered the ability of criminal-defense teams to effectively represent criminal defendants and vindicate the rights afforded them in the criminal-justice process." (Doc. 1 ¶ 9; *see also* Doc. 1 ¶ 53 (alleging "other defense lawyers and members of defense teams have been threatened with professional and criminal sanctions based on violations of A.R.S. § 13-4433(B)").)

Plaintiffs bring two claims for relief under 42 U.S.C. § 1983 against Arizona Attorney General Mark Brnovich in his official capacity as "the chief legal officer of the state," who "has general supervisory authority over county and local prosecutors," and "is

responsible for the administration of the victims' rights program, which administers a plan for assisting and monitoring state and local entities that are required to implement and comply with victims' rights laws, including A.R.S. § 13-4433(B)." (Doc. 1 ¶ 25 (citing Ariz. Rev. Stat. § 41-191.06).)[1] (Doc. 1.) They seek injunctive and declaratory relief, asking that enforcement of Ariz. Rev. Stat. § 13-1433(B) be enjoined, and that § 13-1433(B) be declared unconstitutional "on the grounds that: (1) the law is a content-based restriction on constitutionally protected speech not narrowly tailored to a compelling government interest, and (2) the law is overbroad, in violation of the First Amendment to the United States Constitution." (Doc. 1 ¶ 11.)

Pending before the Court are numerous party and non-party motions; the Attorney General moves to dismiss the complaint, Plaintiffs move for preliminary injunction, and several non-parties move to intervene as defendants. Finding this case is not justiciable against the Attorney General,[2] as follows, he will be dismissed and the requests for intervention and preliminary injunction will be denied.

## I. Legal Standard

In considering a facial challenge to jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, as here, the Court determines whether the allegations in the complaint are insufficient on their face to demonstrate the existence of jurisdiction, and dismissal is appropriate only where the plaintiff fails to allege an element necessary for subject matter jurisdiction. *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004); *Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir. 2004). The material factual allegations of the complaint are presumed to be true and construed in favor of the complaining party. *Maya v. Centex Corp.,* 658 F.3d 1060, 1068 (9th Cir. 2011) (quoting

---

[1] The complaint also names Governor Doug Ducey as a defendant, who has been dismissed from this action on stipulation of the parties.

[2] the Attorney General moves to dismiss the complaint under Rule 12(b)(1), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure arguing: (1) *Younger v. Harris*; (2) lack of standing; (3) sovereign immunity; (4) failure to join necessary parties under Rule 19; and (5) failure to state a claim. (Doc. 31.) Because the Court concludes that Plaintiffs lack standing to sue the Attorney General, it does not reach the remaining arguments advanced.

*Nat'l Audubon Soc.,* 307 F.3d at 849). *See Chandler v. State Farm Mut. Auto. Ins. Co.,* 598 F.3d 1115, 1122 (9th Cir. 2010) (Article III standing is properly raised under 12(b)(1)).

"To state a case or controversy under Article III, a plaintiff must establish standing." *Arizona Christian School Tuition Organization v. Winn*, 563 U.S. 125, 133 (2011). *See also Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 597-98 (2007). The doctrine of standing encompasses both constitutional requirements and prudential considerations. *See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). "The constitutional requirement of standing has three elements: (1) the plaintiff must have suffered an injury-in-fact—that is, a concrete and particularized invasion of a legally protected interest that is actual or imminent, not conjectural or hypothetical;[3] (2) the injury must be causally connected—that is, fairly traceable—to the challenged action of the defendant and not the result of the independent action of a third party not before the court; and (3) it must be likely and not merely speculative that the injury will be redressed by a favorable decision by the court." *Catholic League for Religious and Civil Rights v. City and County of San Francisco*, 624 F.3d 1043, 1049 (9th Cir. 2010) (citing *Lujan*, 504 U.S. at 560-61; *Valley Forge*, 454 U.S. at 475-76).

The plaintiff bears the burden of establishing the existence of a justiciable case or controversy, and "'must demonstrate standing for each claim he seeks to press' and 'for each form of relief' that is sought." *Davis v. Federal Election Comm'n*, 554 U.S. 724, 734 (2008) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)). "A plaintiff must establish standing with the 'manner and degree of evidence required at the successive stages of the litigation.'" *Carrico v. City and County of San Francisco*, 656

---

[3] "The constitutional component of ripeness overlaps with the 'injury in fact' analysis for Article III standing. Whether framed as an issue of standing or ripeness, the inquiry is largely the same: whether the issues presented are 'definite and concrete, not hypothetical or abstract.'" *Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010) (citations omitted). *See also LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1154 (9th Cir. 2000) (discussing ripeness).

4

F.3d 1002, 1006 (9th Cir. 2011) (quoting *Lujan*, 504 U.S. at 561). "[A]t the pleading stage, the plaintiff must clearly... allege facts demonstrating each element." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (internal quotations omitted).

**II. Discussion**

    **A. Injury-In-Fact**

The Court finds that Plaintiffs have sufficiently alleged an injury-in-fact for Article III standing. Plaintiffs "have alleged 'an intention to engage in a course of conduct arguably affected with a constitutional interest'" under the First Amendment that is "'proscribed by [the] statute they wish to challenge.'" *Susan B. Anthony List v. Driehaus*, 134 S.Ct. 2334, 2344 (2014) (quoting *Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298 (1979)). (*See* Doc. 1 ¶¶ 38-47, 52.) *See Fla. Bar v. Went For It, Inc.,* 515 U.S. 618, 634 (1995) ("speech by attorneys on public issues and matters of legal representation" is constitutionally protected"); *Eng v. Cooley,* 552 F.3d 1062, 1069 (9th Cir. 2009) (state action that "chill[s] an attorney's advocacy for his or her client strikes at the heart of the First Amendment."); *In re Morrissey*, 168 F.3d 134, 140 (4th Cir. 1999). By its terms, Ariz. Rev. Stat. § 13-4433(B) targets Plaintiffs - criminal-defense attorneys and their investigatory agents. *See Los Angeles Haven Hospice, Inc. v. Sebelius*, 638 F.3d 644, 655 (9th Cir. 2011). Plaintiffs allege the type of speech they believe is constitutionally protected, is necessary to the performance of their duties as advocates, and is the basis upon which they may be disciplined were they to violate § 13-4433(B). *See Canatella v. State of California*, 304 F.3d 843, 852–53 (9th Cir. 2002).

Plaintiffs' claim of self-censorship under the threat of enforcement sufficiently alleges that, in the absence of concurrent prosecution, they have sustained an injury to their First Amendment rights that is concrete and actual. *See Driehaus*, 134 S. Ct. at 2342 (quoting *Babbitt,* 442 U.S. at 298) (where a plaintiff brings a pre-enforcement challenge, he or she "satisfies the injury-in-fact requirement where he alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.'");

*Libertarian Party of Los Angeles County v. Bowen*, 709 F.3d 867, 870 (9th Cir. 2013); *Wolfson*, 616 F.3d at 1059 ("Self-censorship is a constitutionally recognized injury") *California Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1094 (9th Cir. 2003) ("In an effort to avoid the chilling effect of sweeping restrictions, the Supreme Court has endorsed what might be called a 'hold your tongue and challenge now' approach rather than requiring litigants to speak first and take their chances with the consequences.").

Plaintiffs' claim that other criminal-defense attorneys and investigators have been the subject of professional discipline for violating § 13-4433(B) is sufficient to allege that their decision to refrain from engaging in is based on a reasonable fear of enforcement of the statute. (Doc. 1 ¶ 9; Doc. 46 at 10 (citing examples of state bar disciplinary proceedings). *See Driehaus*, 134 S. Ct. at 2345 (a threat of "administrative action, like arrest or prosecution," is sufficient for Article III standing); *McCormack v. Herzog*, 788 F.3d 1017, 1027 (9th Cir. 2015) ("a plaintiff need only 'reasonable fear a statute would be enforced against it *if* it engaged in certain conduct'") (quoting *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 917 (9th Cir. 2004)); *Human Life of Washington Inc. v. Brumsickle*, 624 F.3d 990, 1001 (9th Cir. 2010) ("self-censorship is a constitutionally sufficient injury as long as it is based on an actual and well-founded fear that the challenged statute will be enforced") (internal quotations omitted); *Lopez v. Candaele, 630 F.3d 775*, 786 (9th Cir. 2010) ("a threat of government prosecution is credible if … there is a history of past prosecution or enforcement under the challenged statute.") (internal quotations omitted).[4]

**B.     Traceability**

Although Plaintiffs sufficiently allege an injury-in-fact, they fail to offer plausible allegations from which the Court can conclude that their injury is traceable to the actions of the Attorney General or the ambit of his enforcement authority. *See Lujan,* 504 U.S. at

---

[4] As the individual plaintiffs have sufficiently alleged an injury-in-fact for purposes of Article III standing, the Court need not reach the Attorney General's arguments concerning the Arizona Attorneys for Criminal Justice. *See California ex rel. Imperial Cnty. Air Pollution Control Dist. v. U.S. Dep't of the Interior*, 767 F.3d 781, 789 (9th Cir. 2014).

560; *Culinary Workers Union, Local 226 v. Del Papa*, 200 F.3d 614, 619 (9th Cir. 1999) (observing that Article III justiciability and Eleventh Amendment immunity present a closely related, overlapping inquiry); *Southern Pac. Transp. Co. v. Brown*, 651 F.2d 613, 615 (9th Cir. 1980).

The source of Plaintiffs' complained injury – the restraint of protected speech – is the threat of professional discipline for violating Ariz. Rev. Stat. § 13-4433(B).[5] The Attorney General, however, has no authority to prosecute, sanction, or otherwise carry out the vital steps in the disciplinary process. Rather, as reflected in the cases cited by Plaintiffs, the State Bar of Arizona "initiate[s]" disciplinary proceedings and the Arizona Supreme Court "discipline[s] defense attorneys for violations of the statute." (Doc. 46 at 9.) *See also Wolfson*, 616 F.3d at 1056–57 ("The Arizona Supreme Court Disciplinary Commission has authority to impose various sanctions on members of the Arizona Bar, including censure, reprimand, probation, and restitution… The Arizona Chief Bar Counsel is charged with overseeing and directing the prosecution of discipline cases involving members of the bar…") (internal citations omitted). Thus, Plaintiffs' alleged injuries are the result of "the independent action of some third party not before the court." *Bennett v. Spear*, 520 U.S. 154, 169 (1997).

It is of little consequence that the Attorney General can advise or report violations of § 13-4433(B) to the state bar, because that conduct does not have a coercive effect on the actions of state bar counsel who may or may not elect to pursue action, and any ensuing discipline is the result of an independent decision made by the commission. *See Novak v. U.S.*, 795 F.3d 1012, 1019 (9th Cir. 2015) ("'To plausibly allege that the injury

---

[5] The VRIA itself contains no civil or criminal penalties for violations of its provisions, nor provides for a private cause of action to be brought against a violating party. *See Lindsay R. v. Cohen*, 343 P.3d 435, 437 (Ariz. Ct. App. 2015) ("neither the VBR nor the VRIA gives victims a right to control the proceedings, to plead defenses, or to examine or cross-examine witnesses; the VBR and the VRIA give victims the right to participate and be notified of certain criminal proceedings."); *State ex rel. Montgomery v. Padilla*, 364 P.3d 479, 485 (Ariz. Ct. App. 2015) (the VRIA provides a victim with standing to seek an order in the defendant's trial or appellate proceeding to enforce a right or to challenge an order denying a right) (citing A.R.S. § 13–4437(A)); (Doc. 31 at 9).

was not the result of the independent action of some third party, the plaintiff must offer facts showing that the government's unlawful conduct is at least a substantial factor motivating the third parties' actions.'") (quoting *Mendia v. Garcia,* 768 F.3d 1009, 1013 (9th Cir. 2014)); *Salmon Spawning & Recovery Alliance v. Gutierrez,* 545 F.3d 1220, 1227 (9th Cir. 2008); *Guerrero v. Clinton*, 157 F.3d 1190, 1195 (9th Cir. 1998) (finding no causal connection from a report that had no direct legal consequences or a "determinative or coercive effect" on the actions of the injuring party); *Snoeck v. Brussa*, 153 F.3d 984, 987 (9th Cir. 1998).

The Court observes that the complaint also alleges that defense attorneys and investigators face a threat of "criminal charges" for violations of Ariz. Rev. Stat. § 13-4433(B). (Doc. 1 ¶ 9.) Neither the complaint nor Plaintiffs' responsive filings however set forth any basis for this allegation, and for purposes of this discussion, it is deemed abandoned. Even so, the Court points out that there are no allegations which show that the Attorney General prosecutes or directs the criminal prosecution of § 13-4433(B) violations, nor have the parties pointed the Court to any authority which suggests the Attorney General could. The statute itself contains no criminal penalties and Ariz. Rev. Stat. § 41-191.06, the statutory administrative provision for the victims' rights program to which Plaintiffs cite (*see* Doc. 1 ¶ 25), provides no such authority. Rather, it states only that "[t]he attorney general may employ administrative and other personnel that the attorney general deems necessary to administer the victims' rights program." Ariz. Rev. Stat. § 41-191.06(B). Nor do Plaintiffs allege that, in the absence of any apparent power to do so, the Attorney General has nonetheless threatened to criminally prosecute violations of § 13-4433(B). Thus the fact that "Defendant may handle any criminal prosecution in Arizona" and has "the authority to influence all criminal prosecutions in the state" does not draw even an attenuated line of causation between his conduct and the source of Plaintiffs' alleged injury. (Doc. 46 at 10-11 (citing Ariz. Rev. Stat. § 41-193(A).) *See Maya*, 658 F.3d at 1070 ("To survive a motion to dismiss for lack of constitutional standing, plaintiffs must establish a 'line of causation' between defendants' action and

8

their alleged harm that is more than 'attenuated.'") (quoting *Allen v. Wright,* 468 U.S. 737, 757 (1984)).

Lastly, Plaintiffs argue that the Attorney General's role as "the conduit between defense counsel and victims in all criminal proceedings," and authority to assert standing to invoke the rights of a victim, if requested, provides the necessary causal link between his responsibilities and Plaintiffs' injury. (Doc. 46 at 11-12.) This is unavailing. It is not the prospect of rejection by an intermediary individual or event that Plaintiffs claim has a chilling effect on their speech – it is the "omnipresent threat of prosecution incident to a violation of § 13-4433(B) that acts as the illegal and unconstitutional prior restraint and First Amendment violation." (Doc. 46 at 16.) Plaintiffs therefore fail to allege that the Attorney General has the necessary causal connection with and is fairly traceable to the conduct from which the alleged injuries arise.

### C. Redressability

Because Plaintiffs set forth no facts which show that they have suffered an injury as a result of some conduct of the Attorney General, it follows that it is not likely, much less plausible, that an injunction against him would redress their alleged injury. *See Lujan,* 504 U.S. at 561; *Cantrell v. City of Long Beach*, 241 F.3d 674, 679 (9th Cir. 2001); *United States v. City of Arcata*, 629 F.3d 986, 989 (9th Cir. 2010). As reasoned above, the Attorney General has no direct involvement in or coercive effect over the prosecution of disciplinary proceedings for violations of Ariz. Rev. Stat. § 13-4433(B). Thus, any injunction against the Attorney General would not require him to act in any way that would redress Plaintiffs' injuries; the threat of discipline that has a chilling effect on Plaintiffs' speech would persist with full force in the hands of third parties that are not before the Court. Plaintiffs therefore lack standing to pursue their claims against the Attorney General. *See Massachusetts v. EPA,* 549 U.S. 497, 526 (2007) (redressability for Article III standing is satisfied only where the risk of harm "would be reduced to some extent if petitioners received the relief they seek"); *Shell Gulf of Mexico Inc. v. Center for Biological Diversity, Inc.*, 771 F.3d 632, 636 (9th Cir. 2014) *Novak*,

795 F.3d at 1019–20; *Mayfield v. U.S.*, 599 F.3d 964, 972 (9th Cir. 2010); *ASARCO Inc. v. Kadish*, 490 U.S. 605, 615 (1989).

### D. Leave to Amend

Despite the Attorney General's inherent attempt to persuade the contrary, the Court cannot conclude that Plaintiffs would be unable to make a sufficient showing of Article III standing to seek redress against an appropriate defendant. An injunction against a defendant who has the power to prosecute or discipline violations of § 13-4433(B) would redress at least some of Plaintiffs' alleged injuries - Plaintiffs would not be compelled to self-censor their speech under fear of the discipline alleged in the complaint, and would be free to initiate contact with victims. *See e.g., Wolfson*, 616 F.3d at 1056–57 ("The[] defendants have the power to discipline Wolfson and, if they are enjoined from enforcing the challenged provisions, Wolfson will have obtained redress in the form of freedom to engage in certain activities without fear of punishment… Without a possibility of the challenged canons being enforced, those canons will no longer have a chilling effect on speech. Wolfson will thus be able to engage in the political speech and campaign activities he desires. It is true that Wolfson cannot obtain revision of the Code from these defendants, but Wolfson may nevertheless obtain a form of effective redress in this action.").

Plaintiffs' failure to challenge Arizona Rule of Criminal Procedure 39(b)(12)(A) is immaterial. Plaintiffs do not allege in their complaint that there is some threat of discipline or judicial sanction for violating Rule 39(b)(12),[6] or that the rule otherwise has

---

[6] The rule reads in relevant part:

> Notwithstanding the provisions of any other rule, a victim has and is entitled to assert each of the following rights:…(12) the right to refuse an interview, deposition, or other discovery request by the defendant, the defendant's attorney, or other person acting on the defendant's behalf, and: (A) the defense must communicate requests to interview a victim to the prosecutor, not the victim; (B) a victim's response to such requests must be communicated through the prosecutor; and (C) if there is any comment or evidence at trial regarding a victim's refusal to be interviewed, the court must instruct the jury that a victim has the right under the Arizona Constitution to refuse an interview[.]

Ariz. Crim. P. 39(b)(12)(A)-(C).

a chilling effect on their speech. *Cf. Champlin v. Sargeant In and For County of Maricopa*, 965 P.2d 763, 765 (Ariz. 1998) (interpreting Rule 39(b) as a limitation on a trial judge's authority to compel a witness interview, deposition, or other discovery request made by the defense); *Day v. Superior Court In and For County of Maricopa*, 823 P.2d 82, 84 (Ariz. Ct. App. 1991) ("the court's authority is limited by the Victim's Bill of Rights"); *State v. Lee*, 355 P.3d 621, 624 (Ariz. Ct. App. 2015). Similarly, the possibility that a victim might invoke its right not to be interviewed under A.R.S. § 13-4437, or that some state or federal court may continue to preclude the defense from initiating contact with victims pursuant to § 13-4433(B) or Rule 39(B)(12), also is not fatal; the complaint does not allege that either of these threats chill Plaintiffs' speech. And, just as the Attorney General's ability to advise the state bar of a violation of § 13-4433(B) does not establish a causal link to Plaintiffs' alleged injury, the possibility that a victim might contact the state bar or the trial court has no bearing on whether Plaintiffs may obtain relief from the threat of professional discipline by the state bar. (*See* Doc. 31 at 12.)

Therefore, the complaint will be dismissed with leave to amend. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1072 (9th Cir. 2011) (dismissal without leave for lack of standing is improper unless it is clear that the complaint cannot be saved by any amendment).

**III.    Conclusion**

Finding that Plaintiffs have failed to offer sufficient facts showing that their alleged injuries are traceable to or redressable by the Attorney General, he will be dismissed from this action. Plaintiffs' request for preliminary injunction against the Attorney General will therefore be denied. *See* Fed. R. Civ. P. 65(d)(2). Because the Court cannot determine whether the interests of the applicants seeking intervention would be adequately represented by the parties, the motion to intervene will be denied without prejudice, subject to refiling following the filing of a responsive pleading by an amended defendant in this action. *See Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d

836, 841 (9th Cir. 2011) ("Failure to satisfy any one of the requirements is fatal to the application"); *Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006) (setting forth elements).

Lastly, the Court observes that the Arizona Prosecuting Attorneys Advisory Council, Pima County Attorney's Office, Arizona Crime Victim Rights Law Group, Arizona Coalition to End Domestic Violence, and National Crime Victim Law Institute have filed *amicus curiae* briefs. (Docs. 38, 40, 41.) The Court generally does not favor *amicus curiae* briefs and does not permit them to be filed absent consent of all parties or a substantial showing that the *amicus curiae* will present relevant matters that have not or could not have been brought to the Court's attention by the parties. Therefore, not having obtained leave of Court and satisfied the above, the *amicus curiae* briefs with be stricken. Any request for leave to submit an *amicus curiae* brief may be filed following the filing of a responsive pleading by an amended defendant in this action. Accordingly,

**IT IS ORDERED**:

1. That the Motion to Supplement (Doc. 110), Cross Motion to Supplement (Doc. 111), and Stipulation Re: Supplemental Reply (Doc. 117) are **granted** and deemed admitted as filed;

2. That the Motion for Preliminary Injunction (Doc. 11) is **denied**;

3. That the Motion to Intervene (Doc. 35), Motion for Joinder (Doc. 54), and Motion for Ruling (Doc. 79) are **denied without prejudice**;

4. That the Amicus Curiae Briefs (Docs. 38, 40, 41) are **stricken without prejudice;**

5. That Attorney General Mark Brnovich's Motion to Dismiss (Doc. 31) is **granted in part** and he is **dismissed without prejudice** from this action;

6. That Plaintiffs shall have until **April 20, 2018** to file an Amended Complaint consistent with this Order and the local rules; and

///

///

12

7. That if Plaintiffs elect not file an Amended Complaint in accordance with this Order, this action will be dismissed without prejudice for lack of jurisdiction on **April 23, 2018**.

Dated this 29th day of March, 2018.

*[signature]*
Honorable Steven P. Logan
United States District Judge