**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Attorneys for Criminal Justice, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Doug Ducey, et al., <br><br> Defendants. | No. CV-17-01422-PHX-SPL <br><br> **ORDER** |

On May 8, 2017, Plaintiffs, individual criminal-defense lawyers, investigators, and non-profit organization Arizona Attorneys for Criminal Justice, initiated this action (the "Original Complaint") challenging the constitutionality of Ariz. Rev. Stat. § 13-4433(B), which prohibits criminal defense counsel from initiating contact with a victim. (Doc. 1) On June 26, 2017, the Attorney General of the State of Arizona (the "Attorney General") moved to dismiss the Original Complaint, arguing that the Plaintiffs did not have standing to bring the lawsuit. (Doc. 31) On March 30, 2018, the Court granted the Attorney General's motion to dismiss in part (the "Dismissal Order"). (Doc. 119) In granting the Attorney General's first motion to dismiss, the Court found that the Plaintiffs failed to "offer plausible allegations from which the Court can conclude that their injury is traceable to the actions of the Attorney General or the ambit of his enforcement authority" or show that the relief requested under the Original Complaint would redress the Plaintiffs' alleged injury. (Doc. 119 at 6–9) Based on the allegations in the Original Complaint, the Court found that the

Plaintiffs lacked standing to pursue their claims, but the Court provided the Plaintiffs with leave to amend the Original Complaint by a later deadline. (Doc. 119 at 9–11)

On May 4, 2018, the Plaintiffs filed an amended complaint (the "First Amended Complaint") seeking identical declaratory and injunctive relief that would prevent the Attorney General from enforcing Ariz. Rev. Stat. § 13-4433(B). (Doc. 123) On May 25, 2018, the Attorney General filed a motion to dismiss the First Amended Complaint (the "Motion"), arguing that the amended pleading still fails to allege facts sufficient to demonstrate that the Plaintiffs have standing to bring their claims. (Doc. 126) The Motion was fully briefed on July 19, 2018. (Docs. 136, 140) For the reasons set forth below, the Motion is granted.

I. **Legal Standard**

In considering a facial challenge to jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court determines whether the allegations in the complaint are insufficient on their face to demonstrate the existence of jurisdiction, and dismissal is appropriate only where the plaintiff fails to allege an element necessary for subject matter jurisdiction. *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004); *Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir. 2004). The material factual allegations of the complaint are presumed to be true and construed in favor of the complaining party. *Maya v. Centex Corp.,* 658 F.3d 1060, 1068 (9th Cir. 2011) (quoting *Nat'l Audubon Soc'y, Inc. v. Davis,* 307 F.3d 835, 849 (9th Cir.)); *See Chandler v. State Farm Mut. Auto. Ins. Co.,* 598 F.3d 1115, 1121 (9th Cir. 2010) (stating Article III standing is properly raised under 12(b)(1)).

"To state a case or controversy under Article III, a plaintiff must establish standing." *Arizona Christian School Tuition Organization v. Winn,* 563 U.S. 125, 133 (2011); *See also Hein v. Freedom from Religion Found., Inc.,* 551 U.S. 587, 597–98 (2007). The doctrine of standing encompasses both constitutional requirements and prudential considerations. *See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.,* 454 U.S. 464, 471 (1982). "The constitutional requirement of standing has

three elements: (1) the plaintiff must have suffered an injury-in-fact—that is, a concrete and particularized invasion of a legally protected interest that is actual or imminent, not conjectural or hypothetical;[1] (2) the injury must be causally connected—that is, fairly traceable—to the challenged action of the defendant and not the result of the independent action of a third party not before the court; and (3) it must be likely and not merely speculative that the injury will be redressed by a favorable decision by the court." *Catholic League for Religious and Civil Rights v. City and County of San Francisco*, 624 F.3d 1043, 1049 (9th Cir. 2010) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *Valley Forge*, 454 U.S. at 475–76).

The plaintiff bears the burden of establishing the existence of a justiciable case or controversy, and "'must demonstrate standing for each claim he seeks to press' and 'for each form of relief' that is sought." *Davis v. Federal Election Comm'n*, 554 U.S. 724, 734 (2008) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)). "A plaintiff must establish standing with the 'manner and degree of evidence required at the successive stages of the litigation.'" *Carrico v. City and County of San Francisco*, 656 F.3d 1002, 1006 (9th Cir. 2011) (quoting *Lujan*, 504 U.S. at 561). "[A]t the pleading stage, the plaintiff must clearly. . . allege facts demonstrating each element." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (internal quotations omitted).

## II. Discussion

### A. Injury-In-Fact

As the Court set forth in the Dismissal Order (Doc. 119), the Plaintiffs have successfully alleged an injury-in-fact for Article III standing. (Doc. 119 at 5–6) Plaintiffs "have alleged 'an intention to engage in a course of conduct arguably affected with a constitutional interest'" under the First Amendment that is "proscribed by [the] statute they wish to challenge." (Doc. 123 at 4); *Susan B. Anthony List v. Driehaus*, 134 S.Ct. 2334,

---

[1] "The constitutional component of ripeness overlaps with the 'injury in fact' analysis for Article III standing. Whether framed as an issue of standing or ripeness, the inquiry is largely the same: whether the issues presented are 'definite and concrete, not hypothetical or abstract.'" *Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010); *See also LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1154 (9th Cir. 2000) (discussing ripeness).

3

2344 (2014) (quoting *Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298 (1979)). The First Amended Complaint sufficiently alleges that Ariz. Rev. Stat. § 13-4433(B) targets the Plaintiffs, who constitute a group of criminal-defense attorneys and their investigatory agents. The Plaintiffs sufficiently allege that the type of speech they believe is constitutionally protected is (i) necessary to the performance of their duties as advocates and (ii) the basis upon which they may be disciplined were they to violate § 13-4433(B). *See Canatella v. State of California*, 304 F.3d 843, 852–53 (9th Cir. 2002).

As set forth in the Dismissal Order, Plaintiffs' claim of self-censorship under the threat professional discipline and sanctions sufficiently alleges that they have sustained an injury to their First Amendment rights that is concrete and actual. *See Driehaus*, 134 S. Ct. at 2342 (stating where a plaintiff brings a pre-enforcement challenge, he or she "satisfies the injury-in-fact requirement where he alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.'"). Plaintiffs' claim that other criminal-defense attorneys and investigators have been the subject of professional discipline for violating § 13-4433(B) is sufficient to allege that their decision to refrain from engaging in similar conduct is based on a reasonable fear of enforcement of the statute. (Doc. 123 at 3); *See Driehaus*, 134 S. Ct. at 2345 (a threat of "administrative action, like arrest or prosecution," is sufficient for Article III standing).

**B. Traceability**

The Court finds that the First Amended Complaint still fails to offer plausible allegations from which the Court can conclude that the Plaintiffs' injury is traceable to the actions of the Attorney General. The Court notes that the bulk of the revisions to the First Amended Complaint are found in Paragraphs 38–62 of the pleading. (Doc. 123 at 9–13) Through these amendments, the Plaintiffs describe the Attorney General's role as the chief legal officer of the state of Arizona, his role in prosecuting criminal matters throughout the state, and his role in administering the victims' rights program. (Doc. 123 at 9–11) The First Amended Complaint explains how the Attorney General stands between victims and

defense counsel and describes how the Attorney General responds to the Plaintiffs' requests for contact with victims, by providing the victims with a "standard form letter" that does not discuss the content of the defense counsel's communication. (Doc. 123 at 10)

Notably, however, the First Amended Complaint does not contain any new or revised allegations showing that the Attorney General can enforce or prosecute the consequences for a violation of Ariz. Rev. Stat. § 13-4433(B). As set forth in the Dismissal Order, the source of Plaintiffs' complained injury, the restraint of protected speech, is the threat of professional discipline for violating Ariz. Rev. Stat. § 13-4433(B). The First Amended Complaint continues to fail to demonstrate how the Attorney General is tied to the disciplinary process that is the cause of the Plaintiffs' injury. The Plaintiffs' allegation that "the Attorney General's Office of Victims Services has a compliance administrator that investigates allegations of victims' rights violations" is insufficient to connect the Attorney General to the Plaintiffs' injury because, at the end of any such investigation, the disciplinary process resulting from any such investigation is carried out by the State Bar of Arizona. (Doc. 123 at 11); *See also Wolfson*, 616 F.3d at 1056–57 ("The Arizona Supreme Court Disciplinary Commission has authority to impose various sanctions on members of the Arizona Bar, including censure, reprimand, probation, and restitution . . . The Arizona Chief Bar Counsel is charged with overseeing and directing the prosecution of discipline cases involving members of the bar. . . .").

As set forth in the Dismissal Order, the fact that the Attorney General can advise or report violations of § 13-4433(B) to the Arizona State Bar does not have a coercive effect on the actions of state bar counsel who may or may not elect to pursue action, and any ensuing discipline is the result of an independent decision made by the commission. *See Novak v. U.S.*, 795 F.3d 1012, 1019 (9th Cir. 2015) ("To plausibly allege that the injury was not the result of the independent action of some third party, the plaintiff must offer facts showing that the government's unlawful conduct is at least a substantial factor motivating the third parties' actions.") Again, the Plaintiffs have failed to set forth sufficient allegations to demonstrate that the Attorney General's role in (i) administering

the victims' rights program; (ii) supervising prosecutors throughout the state of Arizona; (iii) enforcing Ariz. Rev. Stat. § 13-4433(B) by investigating allegations of victims' rights violations; or (iv) performing other tasks such as training prosecutors or disbursing assets from the victims' rights fund, has any bearing on the disciplinary process that the Plaintiffs are challenging as unconstitutional.

Furthermore, the Plaintiffs continue to fail to demonstrate that the Attorney General will, or even has the authority to, prosecute criminal charges for violations of Ariz. Rev. Stat. § 13-4433(B). The First Amended Complaint reiterates the allegation that defense attorneys and investigators face a threat of "criminal charges" for violations of Ariz. Rev. Stat. § 13-4433(B). (Doc. 123 at 12) The First Amended Complaint fails to set forth allegations which (i) show that the Attorney General directs the criminal prosecution of § 13-4433(B) violations or (ii) point the Court to any authority which suggests the Attorney General could prosecute such matters. As provided in the Court's earlier analysis, the threat that the Attorney General could "initiate disciplinary proceedings, seek court sanctions or pursue potential criminal prosecution" is insufficient to hold the Attorney General liable for a disciplinary process that his office does not implement. (Doc. 123 at 12) As set forth in the Dismissal Order, the statute itself contains no criminal penalties, and Ariz. Rev. Stat. § 41-191.06 provides no such authority. It states only that "[t]he attorney general may employ administrative and other personnel that the attorney general deems necessary to administer the victims' rights program." Ariz. Rev. Stat. § 41-191.06(B).

Finally, the First Amended Complaint continues to fail to allege that the Attorney General has nonetheless threatened to criminally prosecute violations of § 13-4433(B). Thus the fact that the Attorney General may handle any criminal prosecution in Arizona and has "the authority to influence all criminal prosecutions in the state" does not draw even an attenuated line of causation between his conduct and the source of Plaintiffs' alleged injury. (Doc. 123 at 9–10) The First Amended Complaint fails to allege that the Attorney General has the necessary causal connection with and is fairly traceable to the conduct from which the alleged injuries arise. Therefore, the Plaintiffs lack standing to bring their claims

against the Attorney General.

C. **Redressability**

The requested declaratory and injunctive relief against the Attorney General would not redress the Plaintiffs' alleged injury because the Plaintiffs fail to plead sufficient facts to demonstrate that they have suffered an injury as a result of some conduct of the Attorney General. *See Lujan,* 504 U.S. at 561; *Cantrell v. City of Long Beach*, 241 F.3d 674, 679 (9th Cir. 2001). As stated, the Attorney General has no direct involvement in or coercive effect over the prosecution of disciplinary proceedings for violations of Ariz. Rev. Stat. § 13-4433(B). Thus, any injunction against the Attorney General would not require him to act in any way that would redress Plaintiffs' injuries; the threat of discipline that has a chilling effect on Plaintiffs' speech would continue with full force at the hands of third parties that are not before the Court. The Plaintiffs therefore lack standing to pursue their claims against the Attorney General. *See Massachusetts v. EPA,* 549 U.S. 497, 526 (2007) (stating redressability for Article III standing is satisfied only where the risk of harm "would be reduced to some extent if petitioners received the relief they seek.").

D. **Leave to Amend**

Federal Rule of Civil Procedure 15(a) requires that leave to amend "shall be freely given when justice so requires." *Segal v. Rogue Pictures*, 544 F. App'x 769, 770 (9th Cir. 2013). Courts generally consider four factors when addressing a request for leave to amend, which are bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987*).* The record before the Court discloses no facts indicating bad faith, undue delay, or prejudice to the Attorney General. As set forth in the Dismissal Order, the Court does not conclude that Plaintiffs would be unable to make a sufficient showing of Article III standing to seek redress against an appropriate defendant. An injunction against a defendant who has the power to prosecute or discipline violations of § 13-4433(B) would redress at least some of Plaintiffs' alleged injuries, as the Plaintiffs would not be compelled to self-censor their speech under fear of the discipline alleged in the First Amended Complaint and would be

free to initiate contact with victims. Therefore, the First Amended Complaint will be dismissed with leave to amend. *See Maya*, 658 F.3d at 1072 (stating dismissal without leave for lack of standing is improper unless it is clear that the complaint cannot be saved by any amendment).

### III. Conclusion

Finding that Plaintiffs have failed to offer sufficient facts to show that their alleged injuries are traceable to or redressable by the Attorney General, he will be dismissed from this action.

**IT IS ORDERED**:

1. That Attorney General Mark Brnovich's Motion to Dismiss (Doc. 126) is **granted**, and he is dismissed without prejudice from this action;

2. That Plaintiffs shall have until **April 12, 2019** to file a second amended complaint consistent with this Order and the local rules; and

3. That if Plaintiffs elect not file a second amended complaint in accordance with this Order, this action will be dismissed without prejudice for lack of jurisdiction on **April 15, 2019**.

Dated this 15th day of March, 2019.

Honorable Steven P. Logan
United States District Judge