**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Attorneys for Criminal Justice et al, <br><br> Plaintiffs, <br><br> vs. <br><br> Ducey et al, <br><br> Defendants. | No. CV-17-01422-PHX-SPL <br><br> **ORDER** |

On May 8, 2017, Plaintiffs, individual criminal-defense lawyers, investigators, and non-profit organization Arizona Attorneys for Criminal Justice, initiated this action (the "Original Complaint") challenging the constitutionality of Ariz. Rev. Stat. ("A.R.S.") § 13-4433(B), which prohibits criminal defense counsel from initiating contact with a victim. (Doc. 1) On June 26, 2017, the Attorney General of the State of Arizona (the "Attorney General") moved to dismiss the Original Complaint, arguing that the Plaintiffs did not have standing to bring the lawsuit. (Doc. 31) On March 30, 2018, the Court granted the Attorney General's motion to dismiss in part (the "Dismissal Order"). (Doc. 119)  In granting the Attorney General's first motion to dismiss, the Court found that the Plaintiffs failed to "offer plausible allegations from which the Court can conclude that their injury is traceable to the actions of the Attorney General or the ambit of his enforcement authority" or show that the relief requested under the Original Complaint would redress the Plaintiffs' alleged injury. (Doc. 119 at 6–9) Based on the allegations in the Original Complaint, the Court found that

the Plaintiffs lacked standing to pursue their claims, but the Court provided the Plaintiffs with leave to amend the Original Complaint by a later deadline. (Doc. 119 at 9–11)

On May 4, 2018, the Plaintiffs filed an amended complaint (the "First Amended Complaint") seeking identical declaratory and injunctive relief that would prevent the Attorney General from enforcing A.R.S. § 13-4433(B). (Doc. 123) On May 25, 2018, the Attorney General filed a motion to dismiss the First Amended Complaint (the "Second Motion to Dismiss"), arguing that the amended pleading still failed to allege facts sufficient to demonstrate that the Plaintiffs had standing to bring their claims. (Doc. 126) On March 15, 2019, the Court granted the Attorney General's second motion to dismiss (the "Second Dismissal Order"). (Doc. 147) In doing so, the Court found that the Plaintiffs still failed to "offer plausible allegations from which the Court can conclude that the Plaintiffs' injury is traceable to the actions of the Attorney General" or show that the relief requested under the First Amended Complaint would redress Plaintiff's alleged injury. (Doc. 147 at 4–7) Based on the allegations in the First Amended Complaint, the Court found that the Plaintiffs still lacked standing to pursue their claims, but the Court provided the Plaintiffs with a second leave to amend the Original Complaint by a later deadline. (Doc. 147 at 7–8)

On April 26, 2019, Plaintiffs filed another amended complaint (the "Second Amended Complaint") seeking identical declaratory and injunctive relief but adding the State Bar of Arizona ("State Bar"), its Chief Bar Counsel, Maret Vessella ("Vessella"), and the director of the Arizona Department of Public Safety, Colonel Frank Milstead (respectively "DPS" and "Milstead") as defendants. (Doc. 150) On June 20, 2019, the State Bar and Vessella ("State Bar" and "Vessella") filed their Motion to Dismiss the Second Amended Complaint, arguing lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted (Doc. 162 at 1) (the "State Bar's Motion to Dismiss") and the Attorney General filed its Motion to Dismiss the Second Amended Complaint, arguing lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and failure to Join a Rule 19 Party (Doc. 164 at 3) (the "Attorney General's Third Motion to Dismiss"). Pending before the Court are the State Bar's Motion to Dismiss and the

Attorney General's Motion to Dismiss. The Motions were fully briefed. The Court's ruling is as follows.[1]

## I. Legal Standard

### A. FRCP 12(b)(1) and Article III Standing

Federal Rule of Civil Procedure 12(b)(1) "allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Kinlichee v. United States*, 929 F. Supp. 2d 951, 954 (D. Ariz. 2013) (citing *Tosco Corp. v. Comtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001)). Allegations raised under FRCP 12(b)(1) should be addressed before other reasons for dismissal because if the complaint is dismissed for lack of subject matter jurisdiction, other defenses raised become moot. *Kinlichee*, 929 F. Supp. 2d at 954. A motion to dismiss for lack of subject matter jurisdiction under FRCP 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction or the existence of subject matter jurisdiction in fact. *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing *Thornhill Publ'g Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir.1979)); *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Renteria*, 452 F. Supp. 2d at 919 (citing *Federation of African Amer. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996)). When the motion to dismiss is a factual attack on subject matter jurisdiction, however, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact. *Renteria*, 452 F. Supp. 2d at 919 (citing *Thornhill*, 594 F.2d at 733). A plaintiff has the burden of proving that jurisdiction does in fact exist. *Renteria*, 452 F. Supp. 2d at 919 (citing

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

3

*Thornhill*, 594 F.2d at 733). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Rosenbaum v. Syntex Corp.*, 95 F.3d 922, 926 (9th Cir. 1996).

"To state a case or controversy under Article III, a plaintiff must establish standing." *Arizona Christian School Tuition Organization v. Winn*, 563 U.S. 125, 133 (2011); *See also Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 597–98 (2007). The doctrine of standing encompasses both constitutional requirements and prudential considerations. *See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). "The constitutional requirement of standing has three elements: (1) the plaintiff must have suffered an injury-in-fact—that is, a concrete and particularized invasion of a legally protected interest that is actual or imminent, not conjectural or hypothetical;[2] (2) the injury must be causally connected—that is, fairly traceable—to the challenged action of the defendant and not the result of the independent action of a third party not before the court; and (3) it must be likely and not merely speculative that the injury will be redressed by a favorable decision by the court." *Catholic League for Religious and Civil Rights v. City and County of San Francisco*, 624 F.3d 1043, 1049 (9th Cir. 2010) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *Valley Forge*, 454 U.S. at 475–76).

The plaintiff bears the burden of establishing the existence of a justiciable case or controversy, and "'must demonstrate standing for each claim he seeks to press' and 'for each form of relief' that is sought." *Davis v. Federal Election Comm'n*, 554 U.S. 724, 734 (2008) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)). "A plaintiff must establish standing with the 'manner and degree of evidence required at the successive stages of the litigation.'" *Carrico v. City and County of San Francisco*, 656 F.3d 1002, 1006 (9th Cir. 2011) (quoting *Lujan*, 504 U.S. at 561). "[A]t the pleading stage, the plaintiff must

---

[2] "The constitutional component of ripeness overlaps with the 'injury in fact' analysis for Article III standing. Whether framed as an issue of standing or ripeness, the inquiry is largely the same: whether the issues presented are 'definite and concrete, not hypothetical or abstract.'" *Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010); *See also LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1154 (9th Cir. 2000) (discussing ripeness).

4

clearly... allege facts demonstrating each element." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (internal quotations omitted).

### B. *Younger* Abstention

*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism. *See Steffel v. Thompson*, 415 U.S. 452, 460–73 (1974) (explaining the history and purposes of the doctrine); *Younger v. Harris*, 401 U.S. 37, 43–49 (discussing the jurisprudential background of abstention); *Gilbertson v. Albright*, 381 F.3d 965, 970–75 (9th Cir.2004) (en banc) (tracing the Supreme Court's application of the doctrine). Abstention from the exercise of federal jurisdiction is the exception, not the rule. *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). Absent significant countervailing interests, the federal courts are obliged to exercise their jurisdiction. *Id.*; *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 189 (1959). The Court must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves. *Gilbertson*, 381 F.3d at 978; *AmerisourceBergen Corp. v. Roden ("ABC")*, 495 F.3d 1143, 1149 (9th Cir.2007). "Although *Younger* itself involved potential interference with a state criminal case, the Supreme Court has extended the doctrine to federal cases that would interfere with state civil cases and state administrative proceedings." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. V. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 627 (1986)). "There is no principled distinction between finality of judgments for purposes of appellate review and finality of state-initiated proceedings for purposes of *Younger* abstention." *Id.* at 1093.

### II. Analysis

Both the Attorney General and the State Bar Defendants seek dismissal of the case

5

under FRCP 12(b)(1), although based on slightly different arguments, as well as under FRCP 12(b)(6). The Attorney General also seeks dismissal under FRCP 12(b)(7). The Court addresses issues of subject matter jurisdiction first.

**A. The Attorney General's 12(b)(1) Argument**

The Court notes that the Attorney General has raised issues of subject matter jurisdiction twice already, and more specifically issues of lack of Article III standing. (Docs. 31 at 6–11; 126 at 4–7) The two previous arguments were facial challenges to subject matter jurisdiction and the Court reviewed the Original Complaint and the First Amended Complaint under the appropriate standard for such challenges. *See Renteria*, 452 F. Supp. 2d at 919. The Attorney General's Third Motion to Dismiss is based on a *factual* challenge to subject matter jurisdiction based on lack of Article III standing and specifically lack of redressability, one of the three requirements for Article III standing. (Doc. 164 at 1–2) However, the Court finds that it does not need to consider a factual challenge to the Second Amended Complaint because the Second Amended Complaint still fails to meet the traceability requirement for purposes of Article III standing under a facial challenge as more fully explained below.

As set forth in both the Dismissal Order and the Second Dismissal Order, the Court already found that Plaintiffs have sufficiently alleged an injury-in-fact for purposes of Article III standing in their case against the Attorney General. (Docs. 119 at 5–6; 147 at 3–4) The Attorney General is not challenging this standing requirement in its Third Motion to Dismiss.

In both the Dismissal Order and the Second Dismissal Order, the Court found that Plaintiffs had failed to offer plausible allegations that would satisfy the traceability requirement for Article III standing. (Docs. 119 at 6–9; 147 at 4–7) The Court notes that the Attorney General is not arguing a lack of traceability in its Third Motion to Dismiss. Because questions of subject matter jurisdiction can be raised by the Court *sua sponte* and at any time, see *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), the Court now turns to the Second Amended Complaint to determine whether Plaintiffs have met their burden on

pleading traceability for their claim against the Attorney General.

The Court finds that Plaintiffs have made very little changes to the section laying out the basis for their claim against the Attorney General from the First Amended Complaint. (Doc. 150 at 10–14) Plaintiffs removed any reference to court sanctions in the Second Amended Complaint, focusing on potential disciplinary proceedings. (Doc. 150 at 10–14) Plaintiffs removed a reference to "seek[ing] sanctions from the court" and "ask[ing] the court to advise the same" in paragraph 62 of the Second Amended Complaint. (Doc. 150 at 12) (compared to paragraph 51 of the First Amended Complaint which is identical besides the removed language, see Doc. 123 at 11) Plaintiffs also removed a reference to "seek[ing] court sanctions or pursue potential criminal prosecution" and "making the risk of . . . such sanctions much more likely" in paragraph 63 of the Second Amended Complaint. (Doc. 150 at 13) (compared to paragraph 52 of the First Amended Complaint which is identical besides the removed language, see Doc. 123 at 12) Finally, Plaintiffs removed the paragraphs which set forth Plaintiffs' arguments as to why an injunction granted against the Attorney General would be proper. (Doc. 123 at 13, ¶¶ 59–61) Based on those findings, the Court concludes that the Second Amended Complaint still fails to offer plausible allegations from which the Court can conclude that the Plaintiffs' injury is traceable to the actions of the Attorney General. The Court already discussed at length its reasoning regarding traceability in the Second Dismissal Order and it is still fully applicable to the Second Amended Complaint, with the exception of the reasoning related to the imposition or prosecution of criminal charges on page 6 of the Second Dismissal Order. (Doc. 147 at 4–7). The few modifications made in the Second Amended Complaint's section regarding the Attorney General fail to cure the defect related to traceability for purposes of Article III standing. The revised allegations are still not enough to show the necessary causation and traceability between the disciplinary process Plaintiffs are challenging as unconstitutional and the actions, and powers, of the Attorney General.

Accordingly, the Court will grant the Attorney General's Third Motion to Dismiss without leave to amend because it finds that it would be futile to allow Plaintiffs to amend

their complaint for a third time.[3]

**B. The State Bar of Arizona's Eleventh Amendment Immunity Argument**

The State Bar argues that as an agency of the state of Arizona, it is immune from suit under the Eleventh Amendment to the United States Constitution. (Doc. 162 at 7–9) The Court agrees.

"Under the Eleventh Amendment to the Constitution of the United States, neither a state nor its agencies may be sued in federal court without the state's consent." *Cleveland v. Pinal County Superior Court*, No. CV 12-1942-PHX-DGC (SPL), 2012 U.S. Dist. LEXIS 148494, at *7-8, 2012 WL 4932657 (D. Ariz. Oct. 16, 2012) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). "A state bar operates as the investigative arm of its state supreme court, and thus, is an agency of the state; as an agency of the state, the Eleventh Amendment renders state bars immune from suit in federal court." *Id.* at *8 (citing *Gilchrist v. Arizona Supreme Court*, 10 Fed. Appx. 468, 470 (9th Cir. 2001)); *see also O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982). Thus, Plaintiffs' direct claims against the State Bar are precluded. Furthermore, Plaintiffs themselves in their response to the State Bar's Motion to Dismiss wrote that they "do not object to dismissing the State Bar *without* prejudice." (Doc. 170 at 2) Plaintiffs do not have the choice as to the type of dismissal. The State Bar of Arizona is immune from suit under the Eleventh Amendment, any amendment to the complaint would be futile, and a dismissal without prejudice is therefore not a possible avenue. Taking these realities into account, no possible set of factual allegations could be pleaded in a proposed Third Amended Complaint that would cure the aforementioned deficiencies. *See In re Apollo Group*, No. CV-10-1735-PHX-JAT, 2011 U.S. Dist. LEXIS 124781, at *66, 2011 WL 5101787 (D. Ariz. Oct. 27, 2011) (quoting *Lopez*, 203 F.3d at 1127) (noting that leave for amend should be granted

---

[3] Because the Court finds that Plaintiffs failed to satisfy the second requirement for Article III standing and it is dispositive of the claims against the Attorney General based on lack of subject matter jurisdiction, the Court does not address the other arguments raised in the Attorney General's Second Motion to Dismiss. *See Giddings v. Vision House Prod., Inc.*, 584 F.Supp.2d 1222, 1225 (D. Ariz. 2008).

8

when dismissing "unless the court determines that the pleading could not possibly be cured by the allegations of other facts"); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 818 (9th Cir. 1988). Accordingly, the Court will grant the State Bar's Motion to Dismiss based on immunity under the Eleventh Amendment and the case against the State Bar of Arizona will be dismissed with prejudice.[4]

### C. Defendant Vessella's Argument that Plaintiffs Lack Article III Standing

Defendant Vessella argues that Plaintiffs' case against her should be dismissed because of lack of subject matter jurisdiction based on Article III standing and failure to state a claim.

At the outset, the Court notes that Defendant Vessella joined in the Attorney General's argument regarding redressability and *Younger* abstention. (Doc. 162 at 3, fn.1) It also notes that Defendant Vessella makes an argument that any prior holding of the Court regarding standing should be disregarded and argued anew because neither the State Bar of Arizona nor Vessella was a party to this case until Plaintiffs made a claim against them in their Second Amended Complaint. (Docs. 162 at 10; 179 at 3–4) With one exception, the Court agrees with that argument as to the newly named Defendants State Bar and Vessella are entitled to their day in court and to be heard: the exception is the Court's finding that Plaintiffs have sufficiently pled an injury-in-fact for purposes of Article III standing and surviving a motion to dismiss. (Docs. 119 at 5–6; 147 at 3–4) The Court's reasoning and findings about injury-in-fact are still applicable and did not depend on the name of the Defendant but instead, on the injury alleged by Plaintiffs, and whether they sufficiently pled the injury under a motion to dismiss standard of review. (Doc. 147 at 4) However, the Article III standing requirements of traceability and redressability are directly dependent on who the defendant is in this case. The Court now turns to the issues of traceability and

---

[4] Similarly to the disposition of the Attorney General's Second Motion to Dismiss in Section II(A). of this Order, because the Eleventh Amendment is dispositive of the State Bar's Motion to Dismiss, the Court does not address the remaining arguments raised by the State Bar in its Motion as they relate to dismissal of the State Bar alone and not Defendant Vessella.

9

redressability for purposes of Article III standing as applied to Plaintiffs' claims against Defendant Vessella.

With regards to the issue of traceability or causation, the Court first notes that Plaintiffs are challenging A.R.S. § 13-4433(B) but not the rules of professional conduct, which are truly the source of any potential sanction they might suffer if they violate the victim contact rules set forth in A.R.S. § 13-4433(B).[5] This is an interesting case where the challenged statute itself does not provide for an enforcement mechanism but might be enforced through other rules which are not challenged by the Plaintiffs. Plaintiffs argue that Arizona Rule of the Supreme Court 42, Ethical Rule ("ER") 8.4 provides that it is professional misconduct for an attorney "to engage in conduct that is prejudicial to the administration of justice." (Doc. 150 at 9, ¶ 40) Plaintiffs add that enforcing A.R.S. § 13-4433(B) would be done under ER 8.4. (Doc. 150 at 9, ¶¶41-42) Defendant Vessella relies on Section 3531 of Wright and Miller, Federal Practice and Procedure (3d ed. 2019) for her argument that Plaintiffs failed to establish traceability to her. (Docs. 162 at 14–15; 179 at 8–9)

In this case, there is an additional, non-named party, the Arizona Supreme Court Disciplinary Commission (the "Commission"), which would make the decision to impose sanctions on an attorney for violating the ethical rules promulgated by the Arizona Supreme Court. (Doc. 119 at 7) *See also Wolfson*, 616 F.3d at 1056–57. "The Arizona Chief Bar counsel is charged with overseeing and directing the prosecution of discipline cases involving members of the bar…." (Doc. 119 at 7) *Id.* Plaintiffs have alleged they fear that

---

[5] The Victims' Rights Implementation Act ("VRIA") itself contains no civil or criminal penalties for violations of its provisions, nor provides for a private cause of action to be brought against a violating party. *See Lindsay R. v. Cohen*, 343 P.3d 435, 437 (Ariz. Ct. App. 2015) ("neither the [Victims' Bill of Rights ("VBR")] nor the VRIA gives victims a right to control the proceedings, to plead defenses, or to examine or cross-examine witnesses; the VBR and the VRIA give victims the right to participate and be notified of certain criminal proceedings."); *State ex rel. Montgomery v. Padilla*, 364 P.3d 479, 485 (Ariz. Ct. App. 2015) (the VRIA provides a victim with standing to seek an order in the defendant's trial or appellate proceeding to enforce a right or to challenge an order denying a right) (citing A.R.S. § 13–4437(A)); (Doc. 31 at 9).

if they violate A.R.S. § 13-4433(B), the Chief Bar Counsel will investigate them for violations of the ethical rules which might ultimately result in sanctions. (Doc. 150 at 9) This last part would be a decision made by the Arizona Supreme Court Disciplinary Commission. "To plausibly allege that the injury was not the result of the independent action of some third party, the plaintiff must offer facts showing that the government's unlawful conduct is at least a substantial factor motivating the third parties' actions." *Novak v. United States*, 795 F.3d 1012, 1019 (9th Cir. 2015) (quoting *Mendia v. Garcia*, 768 F.3d 1009, 1013 (9th Cir. 2014)) (internal quotations omitted); *see also Mendia*, 768 F.3d at 1013 ("[s]o long as the plaintiff can make that showing without relying on speculation or guesswork about the third parties' motivations . . ., she has adequately alleged Article III causation.") (citing *Clapper v. Amnesty Int'l USA*, ––– U.S. ––––, 133 S.Ct. 1138, 1150, 185 L.Ed.2d 264 (2013)) (internal quotations omitted).

The Court finds that Defendant Vessella's position and duties of oversight and prosecution of ethical violations would be a substantial factor in the Commission's decisions and actions. There is no doubt that absent an investigation and prosecution of Plaintiffs or other attorneys for a violation of A.R.S. § 13-4433(B) and ER 8.4, the Commission would not sanction an attorney for a violation of ethical rules. This is not to say that every investigation and prosecution by the Chief Bar Counsel and its office necessarily result in sanctions. But the Court finds that Plaintiffs have met their burden to establish traceability between their alleged injury-in-fact and Defendant Vessella as Chief Bar Counsel.

The Court now turns to the last requirement for Article III standing, redressability. On this issue, the Court finds *Wolfson* particularly instructive and ultimately dispositive. In *Wolfson*, the Ninth Circuit, quoting *Lujan*, 504 U.S. at 561–62 (1992), reasoned that "[i]f a plaintiff is an object of the [challenged action] ... there is ordinarily little question that the action or inaction has caused him injury, and that a judgment preventing or requiring the action will redress it." *Wolfson*, 616 F.3d at 1056 (internal quotations omitted). In this case, Plaintiffs are clearly the object of the statute they challenge and of the actions, or potential

11

actions, of Defendant Vessella. They seek two forms of relief: a declaration that A.R.S. § 13-4433(B) is unconstitutional and injunctive relief against Defendant Vessella to preclude enforcement of violations of the statute through ethical discipline. Defendant Vessella has the power to investigate and prosecute Plaintiffs for ethical violations stemming from a violation of A.R.S. § 13-4433(B) and ER 8.4 and, if she is enjoined from enforcing the challenged provisions, Plaintiffs will have obtained redress in the form of freedom to engage in certain activities without fear of punishment. Without a possibility of the challenged statute being enforced through disciplinary actions under ER 8.4, the statute will no longer have a chilling effect on speech. Plaintiffs will thus be able to engage in the speech and expressive conduct they desire. The Court notes that ultimately, if the Court issued an injunction, it would be a narrow one: it would not preclude discipline based on violations of other ethical rules or reasons other than contacting a victim without going through the prosecutor's office. There are many possible scenarios where the communications initiated by attorneys might still violate other statutes or ethical rules and an injunction in this case would not preclude the Chief Bar Counsel from undertaking an investigation and a prosecution of such violations. The Chief Bar Counsel would only be enjoined from seeking sanctions *solely* on the basis that defense counsel contacted a victim without going through the prosecutor's office in violation of A.R.S. § 13-4433(B) and ER 8.4. Accordingly, the Court finds that Plaintiffs have met the redressability requirement for Article III standing in their case against Defendant Vessella.

**D. Defendant Vessella's Argument that Plaintiffs Failed to State a § 1983 Claim**

Defendant Vessella argues that "for the same reasons that Plaintiffs have no Article III case or controversy as to [her], they have failed to state a § 1983 claim against her." (Docs. 162 at 17; 179 at 11) Because the Court found that Plaintiffs have made a sufficient showing to allege Article III standing for their claims against Defendant Vessella and Defendant Vessella has not offered any other argument as to why Plaintiffs do not have a valid § 1983 claim, the Court finds that Defendant Vessella has failed to make an argument that Plaintiffs have failed to state a claim under § 1983.

**E. Defendant Vessella's Argument that *Younger* Requires Abstention**

The Court notes that in her joint motion to dismiss with the State Bar Defendant, Defendant Vessella joined in the Attorney General's arguments based on *Younger* abstention. (Doc. 162 at 3, fn.1) Defendant Vessella did not make any argument in addition to the ones of the Attorney General on this issue and accordingly, the Court looks at the Attorney General's arguments in support of the application of the *Younger* doctrine to resolve this argument.

*Younger* abstention is only proper if the four requirements are met. *San Jose*, 546 F.3d 1087, 1092; *see also Gilbertson*, 381 F.3d at 978. Turning to the first of those requirements, that a state-initiated proceeding is ongoing, the Court finds that Defendant Vessella, relying exclusively on the arguments of the Attorney General, has failed to prove that such proceedings are ongoing. Defendant Vessella has not pointed to any pending disciplinary proceedings against Plaintiffs based on violation of A.R.S. §13-4433(B) and ER 8.4 but instead relied on the fact that Plaintiffs are currently representing some criminal defendants in pending state court proceedings. (Doc. 164 at 10) This is not enough to meet the first requirement for *Younger* abstention; indeed, if disciplinary proceedings were pending, the Court would likely conclude that the required ongoing state-initiated proceedings were present. *See Canatella v. California*, 404 F.3d 1106, 1110 (9th Cir. 2005) (holding that "California's attorney discipline proceedings are judicial in character for purposes of *Younger* abstention . . . . [s]uch proceedings commenced when the State Bar of California issued the notice of disciplinary charges against Bendel") (internal quotations omitted). The Court finds the fact that Plaintiffs are currently representing criminal defendants in state court and that they might violate A.R.S. § 13-4433(B), which might trigger disciplinary proceedings under ER 8.4, involves too many contingencies to satisfy the state-initiated ongoing proceedings prong of the *Younger* inquiry. Accordingly, because Defendant Vessella, through the arguments of the Attorney General, failed to prove the first prong of the *Younger* doctrine and she is required to prove all four prongs, the Court does not reach the remaining arguments she raised under *Younger* and it will not abstain based

on *Younger*.

**F. Issues of Standing for Plaintiffs' Claim Against the Director of DPS**

Although Defendant Milstead did not file any motion to dismiss based on lack of subject matter jurisdiction, our duty to review the presence or lack thereof still mandates that the Court analyze whether such subject matter jurisdiction is present over the case Plaintiffs made against Milstead.

One of the Plaintiffs, Rich Robertson, is a private investigator who works with criminal-defense attorneys on capital and non-capital cases throughout the State of Arizona and who holds a private investigator license granted by DPS. (Doc. 150 at 5) He is also a member of the Arizona Attorneys for Criminal Justice organization. (Doc. 150 at 5)

For the same reasons that other Plaintiffs have sufficiently pled the three requirements for purposes of Article III standing for their claims against Defendant Vessella, the Court finds that Robertson and the Arizona Attorneys for Criminal Justice have met their burden of proof with regards to their claims against Milstead. The injury-in-fact is similar to the one alleged by the attorneys, namely a self-censorship based on a fear of disciplinary actions; the traceability requirement is also similar because Milstead administers all aspects of private investigator licensing and discipline like the Chief Bar Counsel does for attorneys; and finally, the redressability requirements is again similar because an injunction directed at Milstead and prohibiting enforcement of disciplinary actions based on a violation of A.R.S. § 13-4433(B) by private investigators would redress some of the harm suffered by Plaintiff Robertson and other similarly situated private investigators. Accordingly, the Court has subject matter jurisdiction over Plaintiffs' claim against Milstead.

**IT IS ORDERED:**

1. That the Attorney General's Third Motion to Dismiss (Doc. 164) is **granted in full** and with prejudice because any amendment would be futile;

2. That the State Bar of Arizona and Defendant Vessella's Motion to Dismiss (Doc. 162) is **granted in part**, only dismissing the State Bar of Arizona with prejudice

based on Eleventh Amendment immunity.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action with respect to the Attorney General and the State Bar of Arizona defendants and enter judgment accordingly as to those two defendants only.

Dated this 27th day of February, 2020.

Honorable Steven P. Logan
United States District Judge