**MARK BRNOVICH**
**ATTORNEY GENERAL**
(Firm State Bar No. 14000)
NANCY M. BONNELL (NO. 016382)
ERYN M. MCCARTHY (NO. 015182)
*Assistant Attorneys General*
OFFICE OF THE ARIZONA ATTORNEY GENERAL
2005 N. Central Ave.
Phoenix, Arizona 85004
Telephone: (602) 542-7902
Facsimile: (602) 542-4385
Nancy.bonnell@azag.gov
Eryn.McCarthy@azag.gov
Adminlaw@azag.gov

*Attorneys for Defendant Colonel Frank Milstead, in his official capacity as Director of the Department of Public Safety*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Attorneys for Criminal Justice; Christopher Dupont; Rich Robertson; Richard L. Lougee; Richard D. Randall; Jeffrey A. Kirchler; John Canby,<br><br>　　　　　Plaintiffs,<br>　vs.<br><br>Mark Brnovich, in his official capacity as Attorney General of the State of Arizona; State Bar of Arizona; Maret Vessella, Chief Bar Counsel of the State Bar of Arizona; Colonel Frank Milstead, in his official capacity as Director of the Arizona Department of Public Safety,<br><br>　　　　　Defendants. | Case No.: 2:17-cv-01422-SPL<br><br>**DEFENDANT MILSTEAD'S MOTION FOR RECONSIDERATION**<br><br>**(Assigned to the Hon. Steven P. Logan)** |

Defendant Colonel Frank Milstead, in his official capacity as Director of the Arizona Department of Public Safety ("Milstead"), pursuant to LRCiv. 7.2(g), respectfully moves, this Court to reconsider its February 27, 2020 Order as it pertains to Milstead. (Dkt. 191) ("Order"). That Order overlooked the fact that Milstead did file a motion to dismiss based on lack of subject matter jurisdiction and did not address Milstead's factual/as-applied attack on redressability and injury-in-fact and, therefore, misapprehended that Plaintiffs have Article III standing against Milstead. Dkt. 191, p. 14. The Order also did not address Milstead's Motion to Dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## ARGUMENT

This motion seeks reconsideration of this Court's Order to the extent that it did not decide arguments presented by Milstead's prior motion to dismiss. As discussed below, those arguments were case-dispositive, were expressly advanced, and are not yet decided.

In the event that this Court denies this motion, Milstead alternatively seeks certification for interlocutory review by a separate, concurrently-filed motion.

**I.    Milstead Did File a Motion to Dismiss Based on Lack of Subject Matter Jurisdiction**

The Order's non-resolution of some justiciability issues appears to be premised on the statement that Milstead "did not file any motion to dismiss based on lack of subject matter jurisdiction." Dkt. 191, p. 14. But Milstead did file such a motion. Specifically, Milstead joined Defendant Brnovich in jointly filing a motion to dismiss on June 20, 2019, captioned "Defendants Brnovich and Milstead's Motion to Dismiss Second Amended Complaint" ("Motion to Dismiss"). Dkt. 164. Brnovich and Milstead argued lack of subject matter jurisdiction as the first ground in support of their motion to dismiss: "[f]irst, the SAC must be dismissed under Rule 12(b)(1) for lack of redressability, and Article III standing requirement. Defendants clarify that this dismissal ground is a "***factual*** *attack* on jurisdiction…" (emphasis in original). Dkt. 164, p. 2. Furthermore, Plaintiffs also understood that Milstead filed a motion to dismiss as evidenced by their filing of response entitled "Response to Defendants Brnovich and Milstead's Motion to Dismiss Second Amended Complaint," on July 18, 2019. Dkt. 169. Milstead then joined Defendant Brnovich in jointly filing a reply in support of the motion to

dismiss on August 14, 2019. Dkt. 180. Finally, on August 28, 2019, the Court granted Defendant Milstead's, Vassella's and the State Bar of Arizona's Motion to Defer filing their Answers and Mandatory Initial Discovery Responses until resolution of their motions to dismiss for lack of subject matter jurisdiction. Dkt. 183. Accordingly, Milstead respectfully requests this Court reconsider that he should be dismissed based on lack of subject matter jurisdiction for the reasons argued in his motion to dismiss and reply—Dkts. 164 and 180.

## II. The Order Does Not Address Milstead's Factual/As-Applied Attack on Redressability and Injury-in-Fact

The Order does not address Milstead's factual/as-applied attacks on redressability and injury-in-fact, or Plaintiffs' failure to address the factual attacks. Instead, the Order states only that Plaintiffs have sufficiently *pled* the requirements for Article III standing against Milstead for the same reasons that they sufficiently pled them against Vassella. Dkt. 191, p. 14. But the alleged sufficiency of Plaintiffs' SAC is no answer to Milstead's factual/as-applied argument, which puts the burden on Plaintiffs to prove that jurisdiction does in fact exist. Dkt. 191 at 3.

### A. Redressability

With respect to redressability, Plaintiffs' deposition testimony established that they could not establish redressability for their claims against Milstead. That is, Plaintiffs admitted that even if Milstead were enjoined from taking disciplinary action against a private investigator for a violation of A.R.S. § 13-4433(B), they *still* would not directly initiate contact with victims in compliance with Ariz. R. Crim. P. 39(b)(11) and they would not directly initiate contact with victims unless permitted by the Superior Court judge in the particular case. Dkt. 164, pp. 5-7. Specifically, Plaintiff Robertson answered "Yes" to "Do you plan to continue complying with the requirements of Rule 39(b)(11) in the criminal cases unless and until the Arizona Supreme Court amends a rule or a court presiding in a particular case rules that you are not required to comply?" Dkt. 113 at 195 (reproducing transcript); *see also* Dkt. 164 at 5-6. Plaintiff Robertson also testified that in every case in which he has worked, and is working, on behalf of a criminal defendant, he has worked on behalf of a criminal defense attorney who made the request for victim contact. Dkt. 164 at 12 (citing Dkt. 113 at Robertson Dep. at 42:2-43:7). For

the Court's convenience, Pages 41-43 of Mr. Robertson's deposition (previously filed at Dkt. 113 at 195-97) are attached with highlights as Exhibit A to this Motion. Excerpts of the admissions by other Plaintiffs are also attached as Exhibit B for this Court's ease of reference.

In sum, this Court should consider that a declaration or injunction against Milstead related to professional discipline for violation of the statute *will not* redress Robertson's alleged injury (chill of his speech) *as a factual matter* based on Robertson's own testimony.

### B.    Injury-In-Fact

In holding that the Plaintiffs sufficiently pled an injury-in-fact against Defendant Vassella, this Court cited its previous conclusions about injury-in-fact as they related to the Attorney General in the Complaint and First Amended Complaint. Dkt 191, p. 9 (citing Dkt. 119 at 5-6; 147 at 3-4). But this Court's previous determinations were based on the *facial* challenge to Plaintiffs' standing, where this Court had to accept as true Plaintiffs' allegations regarding standing. That complaint-based reasoning cannot be applied to Milstead, because it *preceded* the *factual* challenge to standing. Once Milstead made a factual challenge, Plaintiffs could not merely rely on the allegations in the Second Amended Complaint. Indeed, Milstead's motion established that they were required to support their jurisdictional allegations with competent proof. Dkt. 164, p. 4. Milstead's reply alerted this Court to Plaintiffs' failure to provide any such proof which this Court should consider. Dkt 180, p. 4.

To establish injury-in-fact for injunctive relief, Plaintiffs are required to demonstrate that "the threat must be actual *and imminent*, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (emphasis added). This Order demonstrates that this Court did not consider that Milstead's argument that Plaintiffs did not satisfy the imminence requirement. In Milstead's motion to dismiss, he provided evidence via Plaintiff Robertson's deposition testimony that Plaintiffs have suffered no injury-in-fact causally connected to Milstead, because they failed to identify *any* disciplinary matters of investigators by DPS. Specifically, Plaintiff Robertson, who sits on the board that handles professional discipline for state licensed investigators, testified that he was unaware of any such disciplinary matters. Dkt 164, pp. 2-3, fn 3.

### III. The Order Also Does Not Address Milstead's Rule 12(b)(6) Arguments

The Order does not address Milstead's request to dismiss under Rule 12(b)(6) for failure to state a claim. Milstead made this request in the Motion and Reply. Dkt. 164 at 2, 14; Dkt. 180 at 1, 9-11. And Plaintiffs' responded to it at length. Dkt. 169 at 11-16. This Court must conclude that the Complaint plausibly states a claim to relief before unlocking the doors of discovery and allowing this case to proceed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Motion also argues that dismissal with prejudice is appropriate because "no amendment can cure the fact that Plaintiffs do not state a valid claim under the First Amendment" Dkt. 164 at 13.

### CONCLUSION

For the foregoing reasons, Milstead respectfully requests that this Court (1) grant his motion for reconsideration, (2) address his factual attack on injury in fact and redressability, (3) address his argument that Plaintiffs fail to state a claim under Rule 12(b)(6), and (4) dismiss this case with prejudice.

RESPECTFULLY SUBMITTED this 12th day of March, 2020.

      MARK BRNOVICH
      ATTORNEY GENERAL

      */s/ Eryn M. McCarthy*
      Nancy M. Bonnell (No. 016382)
      Eryn M. McCarthy (No. 015182)
        Assistant Attorneys General
      2005 N. Central Ave.
      Phoenix, Arizona 85004
      Telephone: (602) 542-7902
      Fax: (602) 542-4385
      Eryn.McCarthy@azag.gov
      Nancy.Bonnell@azag.gov
      AdminLaw@azag.gov (for court use only)
      *Attorneys for Defendant Colonel Frank Milstead, in his official capacity as Director of the Arizona Department of Public Safety*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of March, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Arizona using the CM/ECF filing system. Counsel for all parties are registered CM/ECF users and will be served by the CM/ECF system pursuant to the notice of electronic filing.

*/s/ Eryn M. McCarthy*
Eryn M. McCarthy