**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Attorneys for Criminal Justice et al, <br><br> Plaintiffs, <br><br> vs. <br><br> Ducey et al, <br><br> Defendants. | No.  CV-17-01422-PHX-SPL <br><br> **ORDER** |

Pending before the Court are Defendant Heston Silbert's ("Silbert") Motion for Reconsideration (Doc. 193) ("Silbert's Motion for Reconsideration"),[1] Silbert's Conditional Request for Certification for Appellate Review (Doc. 164) ("Silbert's Request for Certification"), Defendant Maret Vessella's ("Vessella") Motion for Reconsideration (Doc. 197) ("Vessella's Motion for Reconsideration"), and Vessella's Conditional Request for Certification for Appellate Review (Doc. 198) ("Vessella's Request for Certification"). All the motions and requests relate to the Court's February 27, 2020 order (the "Order"). All the pending motions are fully briefed. For the reasons that follow, the motions are granted

---

[1] On March 21, 2020, Colonel Heston Sibert became the newly appointed Director of the Arizona Department of Public Safety ("DPS"), replacing Colonel Frank Milstead ("Milstead"). Milstead was the party who filed the Motion for Reconsideration and Conditional Request for Certification but Sibert substituted as Defendant pursuant to Fed. R. Civ. P. 25(d). For purposes of clarity, the references to Milstead in the background section of this Order are not modified to include Silbert but the references in the analysis section are to Silbert.

and the requests are denied as moot.[2]

## I.     Background

On May 8, 2017, Plaintiffs, individual criminal-defense lawyers, investigators, and non-profit organization Arizona Attorneys for Criminal Justice, initiated this action (the "Original Complaint") challenging the constitutionality of Ariz. Rev. Stat. ("A.R.S.") § 13-4433(B), which prohibits criminal defense counsel from initiating contact with a victim. (Doc. 1) On June 26, 2017, the Attorney General of the State of Arizona (the "Attorney General") moved to dismiss the Original Complaint, arguing that the Plaintiffs did not have standing to bring the lawsuit. (Doc. 31) On March 30, 2018, the Court granted the Attorney General's motion to dismiss in part (the "Dismissal Order"). (Doc. 119)  In granting the Attorney General's first motion to dismiss, the Court found that the Plaintiffs failed to "offer plausible allegations from which the Court can conclude that their injury is traceable to the actions of the Attorney General or the ambit of his enforcement authority" or show that the relief requested under the Original Complaint would redress the Plaintiffs' alleged injury. (Doc. 119 at 6–9) Based on the allegations in the Original Complaint, the Court found that the Plaintiffs lacked standing to pursue their claims, but the Court provided the Plaintiffs with leave to amend the Original Complaint by a later deadline. (Doc. 119 at 9–11)

On May 4, 2018, the Plaintiffs filed an amended complaint (the "First Amended Complaint") seeking identical declaratory and injunctive relief that would prevent the Attorney General from enforcing A.R.S. § 13-4433(B). (Doc. 123)  On May 25, 2018, the Attorney General filed a motion to dismiss the First Amended Complaint (the "Second Motion to Dismiss"), arguing that the amended pleading still failed to allege facts sufficient to demonstrate that the Plaintiffs had standing to bring their claims. (Doc. 126) On March 15, 2019, the Court granted the Attorney General's second motion to dismiss (the "Second Dismissal Order"). (Doc. 147) In doing so, the Court found that the Plaintiffs still failed to

---

[2] Because it would not assist in resolution of the instant issues, the Court finds the pending motions are suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

"offer plausible allegations from which the Court can conclude that the Plaintiffs' injury is traceable to the actions of the Attorney General" or show that the relief requested under the First Amended Complaint would redress Plaintiff's alleged injury. (Doc. 147 at 4–7) Based on the allegations in the First Amended Complaint, the Court found that the Plaintiffs still lacked standing to pursue their claims, but the Court provided the Plaintiffs with a second leave to amend the Original Complaint by a later deadline. (Doc. 147 at 7–8)

On April 26, 2019, Plaintiffs filed another amended complaint (the "Second Amended Complaint") seeking identical declaratory and injunctive relief but adding the State Bar of Arizona ("State Bar"), its Chief Bar Counsel, Maret Vessella ("Vessella"), and the director of the Arizona Department of Public Safety, Colonel Frank Milstead (respectively "DPS" and "Milstead") as defendants. (Doc. 150) On June 20, 2019, the State Bar and Vessella ("State Bar" and "Vessella") filed their Motion to Dismiss the Second Amended Complaint, arguing lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted (Doc. 162 at 1) (the "State Bar's Motion to Dismiss") and the Attorney General and Milstead filed their Joint Motion to Dismiss the Second Amended Complaint, arguing lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and failure to Join a Rule 19 Party (Doc. 164 at 3) (the "Attorney General's Third Motion to Dismiss"). The Court granted the Attorney General's Third Motion to Dismiss only as to the Attorney General, not Milstead, and denied the State Bar's Motion to Dismiss in full. (Doc. 191)

II.     **Legal Standard**

    A. **Motions for Reconsideration**

Reconsideration is disfavored and "appropriate only in rare circumstances." *WildEarth Guardians v. United States Dep't of Justice*, 283 F.Supp.3d 783, 795 n.11 (D. Ariz. June 21, 2017); *see also Bergdale v. Countrywide Bank FSB*, No. CV-12-8057-PCT-SMM, 2014 WL 12643162, at *2 (D. Ariz. May 23, 2014) ("[Reconsideration] motions should not be used for the purpose of asking a court to rethink what the court had already thought through-rightly or wrongly."). "[A]ny order or other decision, however designated,

that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). LRCiv 7.2(g)(1) sets forth the applicable standard for the Court to review both Motions for Reconsideration. Indeed, Federal Rules of Civil Procedure rules 59(e) and 60(b) are not applicable because a judgment was not entered as to either Silbert or Vessella. LRCiv 7.2(g)(1) states that "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). More specifically, the motion

> shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

LRCiv 7.2(g)(1). Mere disagreement with an order is not a proper ground for a motion for reconsideration under LRCiv 7.2(g)(1). *See, e.g.*, *Ariz. Dram Act Coal. V. Brewer*, 945 F. Supp. 2d 1049, 1078 (D. Ariz. 2013) ("mere disagreement with an order is an insufficient basis for reconsideration."), *reversed and remanded on other grounds*; *Ross v. Arpaio*, 2008 WL 1776502, at *2 (D. Ariz. Apr.15, 2008) (relying on the same principle).

**B. FRCP 12(b)(1) and Article III Standing**

Federal Rule of Civil Procedure 12(b)(1) "allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Kinlichee v. United States*,

4

929 F. Supp. 2d 951, 954 (D. Ariz. 2013) (citing *Tosco Corp. v. Comtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001)). Allegations raised under FRCP 12(b)(1) should be addressed before other reasons for dismissal because if the complaint is dismissed for lack of subject matter jurisdiction, other defenses raised become moot. *Kinlichee*, 929 F. Supp. 2d at 954. A motion to dismiss for lack of subject matter jurisdiction under FRCP 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction or the existence of subject matter jurisdiction in fact. *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing *Thornhill Publ'g Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir.1979)); *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Renteria*, 452 F. Supp. 2d at 919 (citing *Federation of African Amer. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996)). When the motion to dismiss is a factual attack on subject matter jurisdiction, however, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact. *Renteria*, 452 F. Supp. 2d at 919 (citing *Thornhill*, 594 F.2d at 733). A plaintiff has the burden of proving that jurisdiction does in fact exist. *Renteria*, 452 F. Supp. 2d at 919 (citing *Thornhill*, 594 F.2d at 733). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Rosenbaum v. Syntex Corp.*, 95 F.3d 922, 926 (9th Cir. 1996).

"To state a case or controversy under Article III, a plaintiff must establish standing." *Arizona Christian School Tuition Organization v. Winn*, 563 U.S. 125, 133 (2011); *See also Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 597–98 (2007). The doctrine of standing encompasses both constitutional requirements and prudential considerations. *See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). "The constitutional requirement of standing has three elements: (1)

the plaintiff must have suffered an injury-in-fact—that is, a concrete and particularized invasion of a legally protected interest that is actual or imminent, not conjectural or hypothetical;³ (2) the injury must be causally connected—that is, fairly traceable—to the challenged action of the defendant and not the result of the independent action of a third party not before the court; and (3) it must be likely and not merely speculative that the injury will be redressed by a favorable decision by the court." *Catholic League for Religious and Civil Rights v. City and County of San Francisco*, 624 F.3d 1043, 1049 (9th Cir. 2010) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *Valley Forge*, 454 U.S. at 475–76).

The plaintiff bears the burden of establishing the existence of a justiciable case or controversy, and "'must demonstrate standing for each claim he seeks to press' and 'for each form of relief' that is sought." *Davis v. Federal Election Comm'n*, 554 U.S. 724, 734 (2008) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)). "A plaintiff must establish standing with the 'manner and degree of evidence required at the successive stages of the litigation.'" *Carrico v. City and County of San Francisco*, 656 F.3d 1002, 1006 (9th Cir. 2011) (quoting *Lujan*, 504 U.S. at 561). "[A]t the pleading stage, the plaintiff must clearly. . . allege facts demonstrating each element." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (internal quotations omitted).

### III.   Analysis

Silbert seeks reconsideration of the Order on two grounds: (1) the Court did not address his factual challenge to subject matter jurisdiction, and (2) the Court did not address his 12(b)(6) argument. (Doc. 193 at 2) Vessella seeks reconsideration on one ground under the manifest error standard: the Court committed manifest error when it concluded that Plaintiffs had met all three requirements for purposes of Article III standing. (Doc. 197 at 1, 4) The Court addresses each motion in turn.

---

³   "The constitutional component of ripeness overlaps with the 'injury in fact' analysis for Article III standing. Whether framed as an issue of standing or ripeness, the inquiry is largely the same: whether the issues presented are 'definite and concrete, not hypothetical or abstract.'" *Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010); *See also LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1154 (9th Cir. 2000) (discussing ripeness).

6

**A. Sibert's Grounds for Reconsideration**

The Court notes that issues of subject matter jurisdiction have been raised three times already by the Attorney General, and more specifically issues of lack of Article III standing. (Docs. 31 at 6–11; 126 at 4–7; 164 at 4–8) The first two previous arguments were facial challenges to subject matter jurisdiction and the Court reviewed the Original Complaint and the First Amended Complaint under the appropriate standard for such challenges. *See Renteria*, 452 F. Supp. 2d at 919. The Attorney General's Third Motion to Dismiss was based on a *factual* challenge to subject matter jurisdiction based on lack of Article III standing and specifically lack of redressability, one of the three requirements for Article III standing. (Doc. 164 at 1–2) The Court found that it did not need to address the factual challenge because the SAC still failed to sufficiently allege Article III standing under a facial challenge standard. However, Silbert points out that the Court must look at the factual challenge because he joined in the Attorney General's Third Motion to Dismiss and the Court has yet to address such argument. (Doc. 193 at 1–3)

It is true that the Court stated that "[Silbert] did not file any motion to dismiss based on lack of subject matter jurisdiction." (Doc. 191 at 14) This was in error as Silbert joined in the Attorney General's Third Motion to Dismiss. The Court nevertheless addressed issues of Article III standing as to Silbert in the Order. (Doc. 191 at 14) The Court found that the SAC satisfied the requirements for Article III standing under a facial challenge for the claims against Silbert. (Doc. 191 at 14).

The Court now turns to Silbert's factual challenge, which it considers for the first time. Issues of subject matter jurisdiction, which have not been addressed by the Court, can be raised at any time and *sua sponte* by the Court. First, Silbert argues that the SAC fails the redressability prong of Article III standing under a factual challenge mainly because Plaintiffs have not challenged Rule 39(b)(11) of the Arizona Rules of Criminal Procedure.[4] (Doc. 193 at 2) The Court already ruled that "Plaintiffs' failure to challenge Arizona Rules

---

[4] The substance of current rule 39(b)(12) was previously located in Rule 39(b)(11).

of Criminal Procedure 39(b)(12)(A) is immaterial. Plaintiffs do not allege in their complaint that there is some threat of discipline or judicial sanction for violating Rule 39(b)(12), or that the rule otherwise has a chilling effect on their speech." (Doc. 119 at 10–11) (ruling on the Attorney General's First Motion to Dismiss) The Court finds that a different conclusion is warranted based on the factual challenge brought by Silbert. Silbert argues that deposition testimony of the sole private investigator Plaintiff in this case demonstrates, as a factual matter, that he would still comply with Rule 39(b)(12) even if the Court enjoined the enforcement of A.R.S. 13-4433(B) which nullifies redressability in this case because Plaintiffs have not challenged Rule 39(b)(12). (Docs. 164 at 4–8; 193 at 2–3) The same argument was made by the Attorney General in his Third Motion to Dismiss as applied to the attorneys involved in the case but the Court did not have to address it because it decided the dismissal of the Attorney General based on traceability. Under a factual challenge standard, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact. *Renteria*, 452 F. Supp. 2d at 919 (citing *Thornhill*, 594 F.2d at 733). This is the crucial difference with the Court's prior conclusions which were based on a facial challenge and presumed the allegations in the SAC were true.

It is true that the Arizona Supreme Court has held that the Rule is a limitation on a trial judge's authority to compel a witness interview, deposition, or other discovery request made by the defense. *Cf. Champlin v. Sargeant In and For County of Maricopa*, 192 Ariz. 371, 373, *superseded by statute on other grounds*; *Day v Superior Court In and For the County of Maricopa*, 170 Ariz. 215, 217 (Ct. App. 1991) (holding that "the court's authority is limited by the Victim's Bill of Rights"); *State v. Lee*, 238 Ariz. 19, 22 (Ct. App. 2015). (Doc. 119 at 10–11) The Court agrees with Silbert that it cannot grant relief to Plaintiffs because they failed to challenge Rule 39(b)(12). Indeed, the cases cited by Plaintiffs in support of their argument on redressability are inapplicable in this case. Those cases all involved procedural rights, mostly in the context of environmental statutes and in the context of information disclosure under such statutes. Plaintiffs have not offered any reason

why such relaxed Article III standing situation should apply in this case. Plaintiffs are not challenging a procedural right: they allege that A.R.S. § 13-4433(B) is an unlawful restraint on their speech in violation of the First Amendment of the United States Constitution. The only case which could be applicable, *Am. Elec. Power Co. v. Connecticut*, 564 U.S. 410 (2011), was premised on extending the Supreme Court decision in *Massachusetts v. EPA*, 549 U.S. 497(2007). However, the Court finds that there is no reason to extend the relaxed standing requirement of *Massachusetts v. EPA* here. Indeed, requiring Plaintiffs to challenge the Rule—which is materially identical to the statute—is not akin to asking a Plaintiff to bring an action against all polluters. There is no practical impossibility for Plaintiffs to also bring an action against the Rule, which has virtually the same effect on their speech, namely a chilling effect preventing them from trying to contact crime victims directly in state court proceedings.

Silbert relies on *Nuclear Info. & Res. Serv. V. Nuclear Regulatory Comm'n*, 457 F.3d 941 (9th Cir. 2006) to argue that if two separate, but materially identical, provisions allegedly injure a Plaintiff, he or she must challenge both provisions. (Doc. 180 at 2) Although it is true the Ninth Circuit states such rule in that case, it did so in *dicta* and a part of its opinion which was not necessary or determinative of the case. Indeed, the Ninth Circuit clearly stated that "[w]e turn first to the injury-in-fact inquiry, which is dispositive of this appeal." *Nuclear Info.*, 457 F.3d at 951. Accordingly, the case failed another part of the Article III standing analysis which the Ninth Circuit considered first. Even though the Court does not find the Ninth Circuit decision binding with regards to its statement about challenging two identical provisions, the Court finds the reasoning persuasive and applicable in this case. Without the Rule in front of it, the Court cannot afford complete relief to Plaintiffs and their claim against Silbert factually fail the redressability prong of Article III standing.

Another important issue to address is Silbert's argument related to state Judges. Indeed, as an additional argument attacking the issue of redressability, Silbert argues that state Judges are necessary parties under Fed. R. Civ. P. 19(b), and they cannot be joined

9

because of their judicial immunity and federalism principles, requiring dismissal of the case with prejudice. (Doc. 164 at 8–9) Although the argument is phrased in terms of Rule 19(b), it is deeply connected with the issue of redressability in this case. Silbert argues that even if the Court enters the requested relief, declaring the statute (or the Rule which was not challenged) unconstitutional and enjoining Vessella and Silbert from enforcing it, state Judges are still free to sanction attorneys for violating those provisions. The Court is puzzled by this argument at first because there is no question that it has the power to declare a state statute or rule unconstitutional if it violates a provision of the United States Constitution such as the First Amendment. The Court discerns that Silbert's argument is based on the concept that a ruling of the Court on the constitutionality of a state statute would not be considered binding precedent on the courts of the State of Arizona. Indeed, Silbert argues that a decision of the Court would "result in state court [J]udges effectively reviewing federal decisions once those rulings are taken to state court for independent review and implementation." (Doc. 180 at 5, fn.6) The Court agrees that such review directly contravenes the fundamental principle of the Article III hierarchy that "the Court's decisions are only reviewable by superior courts in the Article III hierarchy. *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 218–19 (1995). There is no question that a state court is not a superior court to the Court in the Article III hierarchy. Nevertheless, it is also true that the Arizona Supreme Court has expressed the opinion that the decisions of the District Court

> [are] entitled to respectful consideration, but [they are] not binding on us." *State v. Norflett*, 67 N.J. 268, 337 A.2d 609 (1975); *People v. Bradley*, 1 Cal. 3d 80, 81 Cal. Rptr. 457, 460 P.2d 129 (1969)). Even with respect to federal constitutional issues, the state and lower federal courts occupy comparable positions, a sort of parallelism with each governed by the same reviewing authority the United States Supreme Court. *State v. Coleman*, 46 N.J. 16, 214 A.2d 393 (1965), *cert. den.*, 383 U.S. 950 (1966).

*State v. Gates*, 118 Ariz. 357, 359 (1978).

The Court does not express a view on this statement but notes that the Ninth Circuit has expressed "serious doubts as to the wisdom of this view." *See Yniguez v. State of Arizona*, 939 F.2d 727, 736 (9th Cir. 1991) (noting that such view has gained considerable traction in the academic literature and that although the Supreme Court has not squarely addressed the issue, some individual Justices have stated that principles of federalism require that the state courts be treated as coordinate and coequal with the lower federal courts on matters of federal law) (*citing Steffel v. Thompson*, 415 U.S. 452, 482 n. 3 (1974) (Rehnquist, J., joined by Burger, C.J., concurring); *Perez v. Ledesma*, 401 U.S. 82, 125 (1971) (Brennan, J., joined by White and Marshall, JJ., dissenting) (referring only to "the persuasive force" of a decision of a lower federal court on state courts)). The Court finds that it is another reason supporting its conclusion that Plaintiff's claims against Silbert factually fail the redressability requirements for Article III standing.[5]

### B. Vessella's Grounds for Reconsideration

Defendant Vessella argues that the Court should reconsider its previous rulings on all three requirements for Article III standing because they were in error. (Doc. 197 at 197 at 1–2; 4)

At the outset, the Court notes that Defendant Vessella had joined in the Attorney General and Silbert's argument regarding redressability. (Doc. 162 at 3, fn. 1) This is important because such factual attack on jurisdiction was not addressed by the Court previously and is dispositive of the case. Accordingly, for the same reasons set forth above regarding the claims against Silbert, the Court finds that it lacks the power to afford complete relief to Plaintiffs on their claims against Vessella. Indeed, even if Vessella is enjoined from enforcing the statute, the Rule is still unchallenged and state Judges might

---

[5] Because the Court finds that Plaintiffs factually failed to satisfy the requirement of redressability for Article III standing and it is dispositive of the claims against Silbert and Vessella based on lack of subject matter jurisdiction, the Court does not address the other arguments raised by the parties. *See Giddings v. Vision House Prod., Inc.*, 584 F.Supp.2d 1222, 1225 (D. Ariz. 2008).

still decide to enforce either or both of those provisions. As discussed previously, and equally applicable to the claims against Vessella, the requirement of redressability for purposes of Article III standing is not relaxed in this case because Plaintiffs are not challenging a procedural right, and this is not a case dealing with procedural rights under a federal environmental statute.

Although the Court finds that it does not have subject matter jurisdiction over Plaintiffs' claims against Vessella, it will address one argument raised by Vessella in the Motion for Reconsideration—Arizona's attorney discipline structure. (Doc. 197 at 9–10) Vessella argues that the Court relied on the former disciplinary structure which was repealed and modified in 2010. (Doc. 162 at 5–6; 197 at 9–10) Vessella further argues that under the new disciplinary structure, the Chief Bar Counsel is not a substantial factor in attorney discipline, including for violating the statute, because the probable cause committee can still file an ethical complaint against an attorney even after the bar counsel dismissed a charge. (Doc. 197 at 10) The Court incorrectly relied on the former disciplinary process in its previous order, the process set forth in *Wolfson v. Brammer*, 616 F.3d 1045 (9th Cir. 2010). The Court addresses this argument solely for the purpose of correcting its previous statement on the relevant attorney disciplinary structure. Having found that the Court lacks subject matter jurisdiction on other grounds, the Court does not reach the issue of whether the current structure itself would prevent the existence of Article III standing for Plaintiff's claims against Vessella if they had met other requirements.

Finally, the Court finds that granting Plaintiffs leave to amend would be futile. Indeed, even if Plaintiffs file a Third Amended Complaint challenging the Arizona Rule of Criminal Procedure in addition to the statute, the issue of redressability would still be an obstacle to their case for the additional reasons set forth in this Order. There is not set of factual allegations that Plaintiffs can conjure up which would meet the constitutional requirements of Article III standing. Plaintiffs have argued that if the Court dismissed the case based on Silbert's and Vessella's arguments, they should be granted leave to amend to address the new arguments because the Court had never ruled on such arguments. (Doc. 16–

17) The Court acknowledges this argument, but this is not a case where the SAC is dismissed under a facial challenge because of the insufficiency of the allegations. Instead, this dismissal is based on a factual impossibility for the Court to exercise jurisdiction over the case. Plaintiffs cannot change the facts which preclude the presence of subject matter jurisdiction. Accordingly, the SAC will be dismissed with prejudice.[6]

**IT IS ORDERED:**

1. That Silbert's Motion for Reconsideration (Doc. 193) is **granted in full**;

2. That Vessella's Motion for Reconsideration (Doc. 197) is **granted in full**;

3. That the Court's February 27, 2020 Order (Doc. 191) is **vacated in part** consistent with this decision;

4. That Silbert's Conditional Request for Certification for Appellate Review (Doc. 194) and Vessella's Conditional Request for Certification for Appellate Review (Doc. 198) are **denied as moot**;

5. That the SAC (Doc. 150) is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 9th day of June, 2020.

Honorable Steven P. Logan
United States District Judge

---

[6] Because the Court found that the SAC must be dismissed with prejudice, the two Requests for Certification are denied as moot.

13