**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Attorneys for Criminal Justice, et al., | No. CV-17-01422-PHX-SPL |
| Plaintiffs, | **ORDER** |
| vs. | |
| Doug Ducey, et al., | |
| Defendants. | |

This matter was tried before the Court on September 22, 2022. Pursuant to the Findings of Fact and Conclusions of Law (Doc. 269) filed this date, the Court finds in favor of Plaintiffs. Accordingly,

**THE COURT DECLARES** that A.R.S. § 13-4433(B) violates the First Amendment of the United States Constitution.

**IT IS ORDERED** that Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, are permanently enjoined from enforcing A.R.S. § 13-4433(B) against a criminal defendant's attorney or an agent of that attorney.[1]

---

[1] Nothing in this Order shall be construed as enjoining Defendants from enforcing A.R.S. § 13-4433(B) against a criminal defendant or an agent of the criminal defendant who is not the criminal defendant's attorney or an agent of that attorney. Nor shall anything in this Order be construed to enjoin enforcement of any other provision of Arizona law, including a crime victim's right to refuse an interview, deposition, or other discovery request pursuant to Article II, § 2.1(A)(5) of the Arizona Constitution and the requirement under Arizona Rule of Criminal Procedure 39(b)(12) that the defense must communicate a request to interview a victim to the prosecutor rather than the victim.

**IT IS FURTHER ORDERED** that Defendant Brnovich, his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him, are permanently enjoined from requiring that a criminal defendant's attorney or an agent of that attorney initiate contact with a statutory crime victim through the prosecutor's office.

**IT IS FURTHER ORDERED** that Defendant Brnovich, his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him, are permanently enjoined from making referrals for disciplinary investigations or other sanctions solely because a criminal defendant's attorney or an agent of that attorney directly initiated contact with a statutory crime victim.

**IT IS FURTHER ORDERED** that Defendants Vessella and Silbert, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, are permanently enjoined from conducting investigations, pursuing discipline, and imposing discipline solely because a criminal defendant's attorney or an agent of that attorney directly initiated contact with a statutory crime victim.

**IT IS FURTHER ORDERED** that Plaintiffs may file a motion for attorneys' fees to which they believe they are entitled in accordance with Fed. R. Civ. P. 54(d)(2) and LRCiv 54.2 no later than **November 23, 2022**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Preliminary Injunction (Doc. 238) is **denied as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly in favor of Plaintiffs against Defendants and **terminate** this action.

Dated this 2nd day of November, 2022.

Honorable Steven P. Logan
United States District Judge