**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Attorneys for Criminal Justice, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Doug Ducey, et al., <br><br> Defendants. | No. CV-17-01422-PHX-SPL <br><br> **ORDER** |

Before the Court is Defendant Maret Vessella's Rule 59(e) Motion to Alter or Amend the Judgment (Doc. 274), in which she requests clarification of the permanent injunction entered by this Court. In this case, Plaintiffs challenged the constitutionality of A.R.S. § 13-4433(B), which states in relevant part that a criminal "defendant, the defendant's attorney, or an agent of the defendant shall initiate contact with the victim through the prosecutor's office." On September 22, 2022, the Court held a consolidated Preliminary Injunction Hearing and Bench Trial in this matter pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure. (Doc. 247). On November 2, 2022, the Court issued its Findings of Fact and Conclusions of Law (Doc. 269) and an accompanying Order finding in favor of the Plaintiffs and awarding declaratory and injunctive relief (Doc. 270). On the same day, the Clerk of Court entered Judgment in accordance with the Court's Order. (Doc. 271).

In the pending Motion, Defendant Vessella, without taking a position on the proper scope, seeks clarification of the injunction. Specifically, Defendant Vessella

highlights a tension in the Court's Order, which prohibits her from "conducting investigations, pursuing discipline, and imposing discipline solely because a criminal defendant's attorney or an agent of that attorney directly initiated contact with a statutory crime victim," while also noting that nothing in the Order should "be construed to enjoin . . . the requirement under Arizona Rule of Criminal Procedure 39(b)(12) that the defense must communicate a request to interview a victim to the prosecutor rather than the victim." (Doc. 270 at 1 n.1, 2). Because "communicat[ing] a request to interview a victim" to the victim directly (which the Order claims not to enjoin) falls within the scope of "directly initiat[ing] contact with a statutory crime victim" (which the Order does claim to enjoin), the Court agrees with Defendant Vessella that the injunction is ambiguous as to whether Defendants may pursue discipline against attorneys and their agents who communicate a request for an interview to the victim rather than the prosecutor.

Plaintiffs do not oppose the Motion for Clarification but advocate that "[t]he Court should not undermine its own ruling to authorize Defendant Vessella . . . to violate the First Amendment rights of criminal defense attorneys and their agents by investigating and disciplining them for making a 'request to interview' a crime victim." (Doc. 277 at 2). On prior appeal, the Ninth Circuit noted that "because it is possible to contact a victim without requesting to interview them, and thus violate § 13-4433(B) without violating Rule 39(b)(12)(A), enjoining Defendants from enforcing § 13-4433(B) would relieve a discrete injury." (Doc. 220-1 at 5). Implicit in that holding is that the Court can enjoin enforcement of § 13-4433(B) without necessarily enjoining enforcement of Rule 39(b)(12). Because Plaintiffs challenged the constitutionality only of §13-4433(B) and because the Court therefore declared only § 13-4433(B) unconstitutional, the Court will not enjoin enforcement of Rule 39(b)(12).

Defendant Brnovich opposes Defendant Vessella's Motion. (Doc. 278). First, Defendant Brnovich argues that there are no grounds for Rule 59(e) relief. Not so, as "a motion seeking minor alterations in the judgment is properly one under Rule 59(e)."

*Barry v. Bowen*, 825 F.2d 1324, 1328 n.1 (9th Cir. 1987), *overruled on other grounds as recognized by Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1462 (9th Cir. 1992); *see also Birdsong v. Wrotenbery*, 901 F.2d 1270, 1272 (5th Cir. 1990) (holding that a motion to clarify the scope of an injunction falls under Rule 59(e)). Second, Defendant Brnovich argues that "Vessella effectively asks the Court to . . . provide an interpretation of [Rule 39(b)(12)]—an Arizona court rule which no one argues was challenged in this action." (Doc. 278 at 2). The Court understands Defendant Brnovich's concern but is certainly capable of clarifying that the injunction prohibits Defendants from pursuing discipline against attorneys and their agents for violating § 13-4433(B), but not Rule 39(b)(12), without improperly interpreting Rule 39(b)(12).

To clarify the ambiguity highlighted by Defendant Vessella's Motion, the Court will issue an Amended Order that prohibits Defendants from pursuing investigations or disciplinary action against defense attorneys and their agents based on an alleged violation of § 13-4433(B). In conjunction with the Court's admonition that the injunction does not enjoin enforcement of Rule 39(b)(12), this will make clear that Defendants may still pursue investigations or discipline based on an alleged violation of Rule 39(b)(12). The Court will also make clear that the injunction does not enjoin the requirement in the second sentence of § 13-4433(B) that prosecutors must promptly inform a victim of the defense team's request for an interview. Accordingly,

**IT IS ORDERED** that Defendant Maret Vessella's Rule 59(e) Motion to Alter or Amend the Judgment (Doc. 274) is **granted**, and a separate Amended Order will issue.

Dated this 7th day of December, 2022.

Honorable Steven P. Logan
United States District Judge