**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Attorneys for Criminal Justice, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Doug Ducey, et al., <br><br> Defendants. | No. CV-17-01422-PHX-SPL <br><br> **AMENDED ORDER**[*] |

This matter was tried before the Court on September 22, 2022. Pursuant to the Findings of Fact and Conclusions of Law (Doc. 269) filed November 2, 2022, the Court finds in favor of Plaintiffs. Accordingly,

**THE COURT DECLARES** that A.R.S. § 13-4433(B) violates the First Amendment of the United States Constitution.

**IT IS ORDERED** that Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, are permanently enjoined from enforcing A.R.S. § 13-4433(B) against a criminal defendant's attorney or an agent of that attorney.[1]

---

[*] This Order amends the Court's November 2, 2022 Order (Doc. 270).

[1] Nothing in this Order shall be construed as enjoining Defendants from enforcing A.R.S. § 13-4433(B) against a criminal defendant or an agent of the criminal defendant who is not the criminal defendant's attorney or an agent of that attorney. Nor shall anything in this Order be construed to enjoin A.R.S. § 13-4433(B)'s requirement that "[t]he prosecutor's office shall promptly inform the victim of the defendant's request for an interview and shall advise the victim of the victim's right to refuse the interview."

**IT IS FURTHER ORDERED** that Defendant Brnovich, his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him, are permanently enjoined from requiring that a criminal defendant's attorney or an agent of that attorney comply with A.R.S. § 13-4433(B).

**IT IS FURTHER ORDERED** that Defendant Brnovich, his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him, are permanently enjoined from making referrals for disciplinary investigations or other sanctions against a criminal defendant's attorney or an agent of that attorney based on an alleged violation of A.R.S. § 13-4433(B).

**IT IS FURTHER ORDERED** that Defendants Vessella and Silbert, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, are permanently enjoined from conducting investigations, pursuing discipline, and imposing discipline against a criminal defendant's attorney or an agent of that attorney based on an alleged violation of A.R.S. § 13-4433(B).

**IT IS FURTHER ORDERED** that in accordance with the Court's November 23, 2022 Order (Doc. 276), the deadline to file a fee petition and bill of costs shall be fourteen (14) days after the Ninth Circuit issues a decision on the appeal.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Preliminary Injunction (Doc. 238) is **denied as moot**.

///

///

///

///

///

---

Finally, nothing in this Order shall be construed to enjoin enforcement of any other provision of Arizona law, including a crime victim's right to refuse an interview, deposition or other discovery request pursuant to Article II, § 2.1(A)(5) of the Arizona Constitution and the requirement under Arizona Rule of Criminal Procedure 39(b)(12) that the defense must communicate a request to interview a victim to the prosecutor rather than the victim.

1       **IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment in favor of Plaintiffs against Defendants and **terminate** this action.

      Dated this 7th day of December, 2022.

                                              Honorable Steven P. Logan
                                              United States District Judge